# P M  PHILLIPS MURRAH P.C.
*Attorneys and Counselors at Law*

Douglas A. Branch
Elizabeth K. Brown
Robert J. Campbell, Jr.
Marc Edwards
Shannon K. Emmons
Lloyd T. Hardin, Jr.
Sally A. Hasenfratz
Robert J. Haupt
Terry L. Hawkins
Eric L. Johnson
Fred A. Leibrock
J. Mark Lovelace
Byrona J. Maule
James A. McCaffrey
Melvin R. McVay, Jr.
Robert O. O'Bannon
Michael R. Perri
Robert N. Sheets
Douglas M. Todd
Lyndon W. Whitmire
Thomas G. Wolfe
Raymond E. Zschiesche

Bobby (Bobbak) Dolatabadi
Jason A. Dunn
Joshua I. Edwards
Juston R. Givens
Jennifer K. Golden
Heather L. Hintz
Patrick L. Hullum
William J. Jarvis
Celeste T. Johnson
Jason M. Kreth
Andrew S. Mildren
A.V. Peoples, III
Dawn M. Rahme
John L. Shears
Carol F. Sorensen
Lauren L. Symcox
Kenneth A. Tillotson
Jennifer Miller Ventura
Beverly I. Vilardofsky

*of counsel*
Catherine L. Campbell
Michael D. Carter
V. Glenn Coffee
John D. Hastie
Fred H. Miller
Cindy H. Murray
Sam D. Ott
Martin G. Ozinga
Donald A. Pape
William S. (Bill) Price
Kim A. Roberson
Jim Roth
G. Calvin Sharpe
Ellen K. Spiropoulos
D. Craig Story
Kathryn D. Terry
*in memoriam*
Alfred P. Murrah, Jr. 1933-2005
T. Ray Phillips, III 1939-2005

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/09
```

November 16, 2009



**MEMO ENDORSED**

Approved.

*/s/ Denise Cote/*
Nov. 17, 2009

Hon. Denise L. Cote
United States Courthouse
500 Pearl Street, Courtroom 11B
New York, New York 10007-1312

Re:   *Moran, et al. v. Morton Goldfarb, et al.*
      Case No. 1:09-cv-07667-DLC
      United States District Court for the Southern District of New York

Dear Judge Cote:

    The Receiver seeks approval of a procedure for settling claims in the referenced action (the "Ancillary Action"). Pursuant to 28 U.S.C §§ 754 and 1367, the Receiver previously requested and received authority from Judge Lynch to initiate the Ancillary Action. *See* Order, Doc. No. 62 in *SEC v. Stein, et al.*, 1:09-cv-03125-DLC. The Ancillary Action was filed on September 2, 2009 to recover the amount by which each defendant investor's distributions from a Stein Entity exceeded that investor's principal investment in the Stein Entity (the "Avoidance Claim"). The Complaint asserts claims under the New York Fraudulent Conveyance Act (N.Y. Debt. & Cred. § 270 *et seq.*) as well as claims for conversion, unjust enrichment, the imposition of constructive trusts, and accountings by the defendant investors. While the Receiver has not yet formally served the Complaint in the Ancillary Action, he has sent each of the defendant investors a demand letter and his counsel has communicated with a number of the defendant investors in an effort to resolve the pending claims without further litigation. As a result of these efforts, several investors have communicated their desire to settle without further litigation.

    The Receiver believes that in most instances it will be in the best interest of the Estate to settle the pending claims and minimize consumption of the Estate's resources. The Receiver also believes that it is not in the best interest of the Estate to publicly disclose the economic terms of the various settlement agreements the Receiver may negotiate. Public disclosure of the economic terms could prejudice the Receiver's efforts to settle or litigate claims against other defendant investors. Therefore, the Receiver proposes that the following procedure govern his settlement of claims in the Ancillary Action (the "Settlement Guidelines"):

The Power of a Strategic Partner.®

Corporate Tower    Thirteenth Floor    101 N. Robinson    Oklahoma City, Oklahoma 73102
405.235.4100    Fax 405.235.4133    www.phillipsmurrah.com

Hon. Denise L. Cote
November 16, 2009
Page 2 of 2

  Settlement Terms.  With respect to the terms of proposed settlements, enclosed with this letter is an exemplar Settlement Agreement and Release for the Avoidance Claims.  Subject to modifications that may be appropriate for specific Avoidance Claims, the Receiver believes that the terms of the Settlement Agreement and Release provide a fair and reasonable resolution of Avoidance Claims while protecting and furthering the best interests of the Estate.  Absent modifications that materially impact the Estate's interests, the Receiver requests authorization to settle Avoidance Claims on the terms provided in the exemplar Settlement Agreement and Release without the need for further Court review or approval.

  Settlement Amounts.  With respect to the economic terms of a particular settlement, the Receiver requests that the Court authorize the Receiver to negotiate settlement agreements as follows: (a) for those Avoidance Claims on which ▮▮▮ or less is sought, the Receiver requests authorization to accept at least ▮▮▮ of the Avoidance Claim amount without the need for further Court review or approval; and (b) for those Avoidance Claims on which more than ▮▮▮ is sought, the Receiver requests authorization to accept at least ▮▮▮ of the Avoidance Claim amount without the need for further Court review or approval.

  Settlement Notification.  The Receiver will periodically provide the Court with a letter identifying the Avoidance Claims to be settled and informing the Court whether each of the identified settlements comply with the Settlement Guidelines.  If the settlements comply with the Settlement Guidelines, the Receiver will be authorized to take all necessary action to carry the settlements into effect without further authorization from the Court.  For those settlements that call for deviation from the Settlement Guidelines, the Receiver will provide the Court with a letter explaining the proposed deviation and requesting approval of the settlement.

  The Receiver believes that it would not be in the best interest of the Estate if the terms of this letter that are highlighted above were publicly disclosed.  Thus, if the Court determines it necessary to file this letter of record, the Receiver requests that the highlighted terms be redacted prior to the filing of this letter.  For the Court's convenience, a redacted copy of this letter has also been enclosed.

  We can be available at the Court's pleasure to respond to any additional questions the Court might have regarding the Receiver's proposal.

Very truly yours,

*[signature]*

Douglas M. Todd
For the Firm

DMT/pjb
Enclosures

cc: Melvin R. McVay (w/o enclosures)
00435637.DOC

PM