## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. THOMAS MORAN, II, AS RECEIVER OF THE ASSETS OF EDWARD T. STEIN; DISP, LLC; EDWARD T. STEIN ASSOCIATES, LTD.; G&C PARTNERSHIP JOINT VENTURE; GEMINI FUND I, L.P.; PRIMA CAPITAL MANAGEMENT, LLC; VIBRANT CAPITAL CORP.; and VIBRANT CAPITAL FUNDING I LLC, <br><br> Plaintiff, <br><br> -against- <br><br> MORTON GOLDFARB, *et al*.; <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO.: 09-cv-7667 - DLC <br><br> JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

H. Thomas Moran, II, Receiver (the "Receiver") for the assets of Edward T. Stein; DISP, LLC; Edward T. Stein Associates, Ltd.; G&C Partnership Joint Venture; Gemini Fund I, L.P.; Prima Capital Management, LLC; Vibrant Capital Corp. and Vibrant Capital Funding I, LLC (the "Stein Entities"), states as follows, based on actual knowledge and information and belief.

This Second Amended Complaint solely adds claims against Defendant Joan Ellen Stein and does not add any additional defendants or assert additional or different claims against any other defendant. This Second Amended Complaint incorporates the first eleven causes of action as asserted in the Amended Complaint, Doc. No. 7. As further claims against Defendant Joan Ellen Stein, the Receiver asserts the following:

## NATURE OF THE PROCEEDINGS

1.      This is an ancillary proceeding undertaken as part of the Receiver's continuing duty to locate, preserve and administer the assets of the Stein Entities (the "Receivership Estate") that were diverted by Edward T. Stein in the course of his 20–year Ponzi scheme.

2.      On March 31, 2009, the United States filed a criminal case in the United States District Court for the Eastern District of New York, *USA v. Stein,* Case No. 1:09-cr-00377-JBW (the "Criminal Case"), charging Mr. Stein with committing securities fraud and wire fraud in the course of interrelated schemes to defraud investors in the Stein Entities.

3.      Contemporaneously,   the   United   States   Securities   and   Exchange Commission filed a civil case in the United States District Court for the Southern District of New York, *Securities and Exchange Commission v. Edward T. Stein et al.,* Case No. 1:09-cv-03125-GEL (the "SEC Action"), alleging that Mr. Stein violated a number of federal securities laws by moving over $55 million from investors through the Stein Entities in "a classic Ponzi scheme" that spanned nearly 20 years.  Rather than investing money as directed, Mr. Stein used investor money for other purposes such as funding a failed magazine venture, purchasing life settlement policies used in various transactions with the Stein Entities and paying other investors.

4.      At the SEC's request, this Court entered its order in the SEC Action appointing Mr. Moran as the Receiver for the assets of Mr. Stein and the Stein Entities on April 14, 2009 (the "Receivership Order").

5.     On June 22, 2009, Mr. Stein entered a guilty plea in the Criminal Case. Mr. Stein admitted that he committed securities fraud and wire fraud in the course of his Ponzi scheme, which was accomplished through the Stein Entities beginning in 1998.

6.     At this time, the Receiver has information indicating that the Defendants received distributions in excess of their investments in the Stein Entities. The Receiver seeks to recover the excess distributions to the Defendants during the six-year period beginning on August 31, 2003 through the present (the "Transfers").    The Transfers constitute fraudulent transfers which must be returned pursuant to the New York Fraudulent Conveyance Act (N.Y. Debt. & Cred. § 270 *et seq*.).   *See* Amended Complaint, Doc. No. 7.

7.     The Receiver also has information indicating that Defendant Joan Ellen Stein received additional transfers of assets from Mr. Stein and the Stein Entities beginning in or around December 2003 (the "Spousal Transfers"). The Spousal Transfers constitute fraudulent transfers which must be returned pursuant to the New York Fraudulent Conveyance Act (N.Y. Debt. & Cred. § 270 *et seq*.).

## THE PARTIES

8.     The Receiver is the court-appointed receiver of the assets of the Stein Entities.

9.     The Defendants are individuals and entities that, on information and belief, received the Transfers from the Stein Entities.

10.     As well as being an investor that received some of the Transfers from the Stein Entities, Defendant Joan Ellen Stein received the Spousal Transfers.

3

## JURISDICTION AND VENUE

11.     This is an ancillary proceeding brought in the same Court where the SEC Action is pending, and in which the Receiver was appointed. This Court has jurisdiction over this ancillary proceeding pursuant 28 U.S.C. § 1367. *See Pope v. Louisville, N. A. & C. Ry.,* 173 U.S. 573 (1899) and its progeny.

12.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## TWELFTH CAUSE OF ACTION
## FRAUDULENT SPOUSAL TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND 279

13.     The Receiver incorporates the allegations contained in paragraphs 1 through 12 above as though fully set forth herein.

14.     During all relevant times there were and are one or more creditors holding matured or unmatured unsecured claims against the Stein Entities.

15.     The Stein Entities did not receive fair consideration for the Spousal Transfers made to Defendant Joan Ellen Stein.

16.     The Stein Entities were insolvent at the time that Mr. Stein caused them to make each of the Spousal Transfers or they were rendered insolvent as a result of the Spousal Transfers.

17.     As a result of the foregoing, the Receiver is entitled to judgment pursuant to §§ 273, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Spousal Transfers; (b) directing that the Spousal Transfers be set aside; and (c) recovering the Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate.

## THIRTEENTH CAUSE OF ACTION
## FRAUDULENT SPOUSAL TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND 279

18.    The Receiver incorporates the allegations contained in paragraphs 1 through 17 above as though fully set forth herein.

19.    During all relevant times there were and are one or more creditors holding matured or unmatured unsecured claims against the Stein Entities.

20.    The Stein Entities did not receive fair consideration for the Spousal Transfers made to Defendant Joan Ellen Stein.

21.    At the time of each of the Spousal Transfers, Mr. Stein caused the Stein Entities to engage in, or to prepare to engage in, business or transactions for which the property remaining in the hands of the Stein Entities after each of the Spousal Transfers constituted unreasonably small capital.

22.    As a result of the foregoing, the Receiver is entitled to judgments pursuant to §§ 274, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Spousal Transfers; (b) directing that the Spousal Transfers be set aside; and (c) recovering the Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate.

## FOURTEENTH CAUSE OF ACTION
## FRAUDULENT SPOUSAL TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND 279

23.    The Receiver incorporates the allegations contained in paragraphs 1 through 22 above as though fully set forth herein.

24. During all relevant times there were and are one or more creditors holding matured or unmatured unsecured claims against the Stein Entities.

25. The Stein Entities did not receive fair consideration for the Spousal Transfers made to Defendant Joan Ellen Stein.

26. At the time that Mr. Stein caused the Stein Entities to make each Spousal Transfer, Mr. Stein had caused the Stein Entities to incur, intended the Stein Entities to incur, or believed that the Stein Entities would incur debts beyond their ability to pay those debts as the debts matured.

27. As a result of the foregoing, the Receiver is entitled to judgment pursuant to §§ 275, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Spousal Transfers; (b) directing that the Spousal Transfers be set aside; and (c) recovering the Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate.

## FIFTEENTH CAUSE OF ACTION
## FRAUDULENT SPOUSAL TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND 279

28. The Receiver incorporates the allegations contained in paragraphs 1 through 27 above as though fully set forth herein.

29. During all relevant times there were and are one or more creditors holding matured or unmatured unsecured claims against the Stein Entities.

30. Mr. Stein caused the Stein Entities to make the Spousal Transfers with the actual intent to hinder, delay, or defraud the Stein Entities' creditors. Mr. Stein caused

the Stein Entities to make the Spousal Transfers to, or for the benefit of, Defendant Joan Ellen Stein in furtherance of his Ponzi scheme.

31.    As a result of the foregoing, the Receiver is entitled to judgment pursuant to §§ 276, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Spousal Transfers; (b) directing that the Spousal Transfers be set aside; and (c) recovering the Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate.

## SIXTEENTH CAUSE OF ACTION
## FRAUDULENT SPOUSAL TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 277, 278 AND 279

32.    The Receiver incorporates the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33.    During all relevant times there were and are one or more creditors holding matured or unmatured unsecured claims against the Stein entity Gemini Fund I, L.P., a limited partnership also known as Amerifund, ("Gemini").

34.    Mr. Stein caused the Spousal Transfers of partnership property from Gemini to Defendant Joan Ellen Stein when Gemini was insolvent or Gemini was rendered insolvent by virtue of the Spousal Transfers.

35.    Mr. Stein caused the Spousal Transfers of Gemini partnership property to Defendant Joan Ellen Stein without fair consideration to the partnership.

36.    As a result of the foregoing, the Receiver is entitled to judgment pursuant to §§ 277, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Spousal Transfers; (b) directing that the Spousal Transfers be set aside;

and (c) recovering the Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate.

## SEVENTEENTH CAUSE OF ACTION
### UNDISCOVERED FRAUDULENT SPOUSAL TRANSFERS
### NEW YORK CIVIL PROCEDURE LAW AND RULES 203(g) AND
### NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND 279

37.     The Receiver incorporates the allegations contained in paragraphs 1 through 36 above as though fully set forth herein.

38.     During all times relevant to the Spousal Transfers, the Ponzi scheme perpetrated by Mr. Stein through the Stein Entities could not reasonably have been discovered by at least one creditor of the Stein Entities.

39.     During all relevant times there were and are one or more creditors holding matured or unmatured unsecured claims against the Stein Entities.

40.     Mr. Stein caused the Stein Entities to make the Spousal Transfers with the actual intent to hinder, delay, or defraud the Stein Entities' creditors. Mr. Stein caused the Stein Entities to make the Spousal Transfers to, or for the benefit of, Defendant Joan Ellen Stein in furtherance of his Ponzi scheme.

41.     As a result of the foregoing, the Receiver is entitled to judgment pursuant to New York Civil Procedure Law and Rule 203(g) and §§ 276, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Spousal Transfers; (b) directing that the Spousal Transfers be set aside; and (c) recovering the Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate.

8

## EIGHTEENTH CAUSE OF ACTION
## RECOVERY OF SUBSEQUENT SPOUSAL TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW § 278

42.     The Receiver incorporates the allegations contained in paragraphs 1 through 41 above as though fully set forth herein.

43.     Each of the Spousal Transfers are avoidable pursuant to §§ 273, 274, 275, 276 or 277 of the New York Debtor and Creditor Law.

44.     On information and belief, some or all of the Spousal Transfers were subsequently transferred to individuals or entities without a good faith basis and for less than fair consideration (the "Subsequent Spousal Transfers").

45.     Defendant Joan Ellen Stein was an immediate or mediate transferee of the Subsequent Spousal Transfers.

46.     As a result of the foregoing, the Receiver is entitled to judgment pursuant to § 278 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Subsequent Spousal Transfers; (b) directing that the Subsequent Spousal Transfers be set aside; and (c) recovering the Subsequent Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate.

## NINETEENTH CAUSE OF ACTION
## CONVERSION

47.     The Receiver incorporates the allegations contained in paragraphs 1 through 46 above as though fully set forth herein.

48.     The Stein Entities had possessory rights and interests to their assets, including their investors' funds.

49.     Defendant Joan Ellen Stein converted these assets when she received money originating from other investors in the Stein Entities in the form of payments and other transfers from the Stein Entities. These actions deprived the Stein Entities and their other investors of the use of these assets.

50.     As a direct and proximate cause of this conduct, the Stein Entities and their other investors have not had the use of the assets converted by Defendant Joan Ellen Stein.

51.     Therefore, the Receiver, on behalf of the Receivership Estate, is entitled to compensatory damages in an amount to be determined at trial.

## TWENTIETH CAUSE OF ACTION
## UNJUST ENRICHMENT

52.     The Receiver incorporates the allegations contained in paragraphs 1 through 51 above as though fully set forth herein.

53.     Defendant Joan Ellen Stein benefited from the receipt of assets from the Stein Entities in the form of payments and other transfers which were the property of the Stein Entities or their other investors, and for which Defendant Joan Ellen Stein did not adequately compensate the Stein Entities or provide value.

54.     This enrichment occurred at the expense of the Stein Entities and, ultimately, at the expense of the Stein Entities' other investors.

55.     Equity and good conscience require full restitution of the payments or other assets received by Defendant Joan Ellen Stein from the Stein Entities.

56.     As a result of the foregoing, the Receiver, on behalf of the Receivership Estate, is entitled to compensatory damages in an amount to be determined at trial.

## TWENTY-FIRST CAUSE OF ACTION
## CONSTRUCTIVE TRUST

57.     The Receiver incorporates the allegations contained in paragraphs 1 through 56 above as though fully set forth herein.

58.     As detailed above, the assets of the Stein Entities have been wrongfully diverted as a result of fraudulent conveyances, conversions, and other wrongdoing resulting in the enrichment of Defendant Joan Ellen Stein.

59.     The Receiver has no adequate remedy at law.

60.     As a result of the unjust enrichment of Defendant Joan Ellen Stein, the Receiver is entitled to the imposition of a constructive trust on each Spousal Transfer as well as any profits received by Defendant Joan Ellen Stein in the past or on a prospective basis in connection with the Spousal Transfers or the Stein Entities.

## TWENTY-SECOND CAUSE OF ACTION
## ACCOUNTING

61.     The Receiver incorporates the allegations contained in paragraphs 1 through 60 above as though fully set forth herein.

62.     As detailed above, the assets of the Stein Entities have been wrongfully diverted as a result of fraudulent conveyances, conversions, and other wrongdoing resulting in the enrichment of Defendant Joan Ellen Stein.

63.     The Receiver has no adequate remedy at law.

64.     To compensate the Stein Entities and their other investors for the assets diverted from them for Defendant Joan Ellen Stein's benefit, it is necessary for Defendant Joan Ellen Stein to provide an accounting of any transfer of funds, property or other assets received from the Stein Entities as well as any profits received by Defendant Joan Ellen Stein in the past or on a prospective basis in connection with the Spousal Transfers or the Stein Entities.  On information and belief, complete information concerning the Transfers is within Defendant Joan Ellen Stein's possession, custody and control.

## REQUEST FOR RELIEF

**WHEREFORE,** the Receiver respectfully requests that the Court enter judgment in favor of the Receiver and against Defendant Joan Ellen Stein as follows:

(i)     On the First Cause of Action and the Twelfth Cause of Action, pursuant to §§ 273, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers and the Spousal Transfers; (b) directing that the Transfers and the Spousal Transfers be set aside; and (c) recovering the Transfers and the Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate;

(ii)     On the Second Cause of Action and the Thirteenth Cause of Action, pursuant to §§ 274, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers and the Spousal Transfers; (b) directing that the Transfers and the Spousal Transfers be set aside; and (c) recovering the Transfers and the Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate;

12

(iii)    On the Third Cause of Action and the Fourteenth Cause of Action, pursuant to §§ 275, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers and the Spousal Transfers; (b) directing that the Transfers and the Spousal Transfers be set aside; and (c) recovering the Transfers and the Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate;

(iv)    On the Fourth Cause of Action and the Fifteenth Cause of Action, pursuant to §§ 276, 278 and 279 of the New York Debtor and Creditor Law, the Receiver is entitled to a judgment: (a) avoiding and preserving the Transfers and the Spousal Transfers; (b) directing that the Transfers and the Spousal Transfers be set aside; and (c) recovering the Transfers and the Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate;

(v)    On the Fifth Cause of Action and the Sixteenth Cause of Action, pursuant to §§ 277, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers and the Spousal Transfers; (b) directing that the Transfers and the Spousal Transfers be set aside; and (c) recovering the Transfers and the Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate;

(vi)    On the Sixth Cause of Action and the Seventeenth Cause of Action, pursuant to New York Civil Procedure Law and Rule 203(g) and §§ 276, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers and the Spousal Transfers; (b) directing that the Transfers and the Spousal Transfers be set

aside; and (c) recovering the Transfers and the Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate;

      (vii)   On the Seventh Cause of Action and the Eighteenth Cause of Action, pursuant to § 278 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Subsequent Transfers and the Subsequent Spousal Transfers; (b) directing that the Subsequent Transfers and the Subsequent Spousal Transfers be set aside; and (c) recovering the Subsequent Transfers and the Subsequent Spousal Transfers, or the value thereof, from Defendant Joan Ellen Stein for the benefit of the Receivership Estate;

      (viii)  On the Eighth Cause of Action and the Nineteenth Cause of Action for compensatory damages for conversion in amounts to be determined at trial;

      (ix)   On the Ninth Cause of Action and the Twentieth Cause of Action for compensatory damages for unjust enrichment in an amount to be determined at trial;

      (x)   On the Tenth Cause of Action and the Twenty-First Cause of Action for the imposition of a constructive trust on each Transfer and Spousal Transfer and on any profits received by Defendant Joan Ellen Stein in the past or on a prospective basis in connection with the Transfers, the Spousal Transfers or the Stein Entities;

      (xi)   On the Eleventh Cause of Action and the Twenty-Second Cause of Action, for an accounting by Defendant Joan Ellen Stein of any transfer of funds, property or other assets received from Mr. Stein or the Stein Entities as well as any profits received by Defendant Joan Ellen Stein in the past or on a prospective basis in connection with the Transfers, the Spousal Transfers or the Stein Entities;

(xii)   Awarding the Receiver all applicable attorneys' fees, interest, costs and expenses for this action; and

(xiii)   Granting the Receiver such other, further and different relief as the Court finds just, proper and equitable.

ATTORNEY LIEN CLAIMED.


Respectfully submitted,

Melvin R. McVay, Jr. (admitted *pro hac vice*)
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, Oklahoma  73102
Telephone:  (405) 235-4100
Facsimile:  (405) 235-4133
mrmcvay@phillipsmurrah.com

ATTORNEY FOR COURT-APPOINTED
RECEIVER H. THOMAS MORAN, II


Dated:  January 6, 2009


00443089.DOC