UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
[1] H. THOMAS MORAN, II, AS RECEIVER OF THE
ASSETS OF EDWARD T. STEIN; DISP, LLC;
EDWARD T. STEIN ASSOCIATES, LTD.; G&C
PARTNERSHIP JOINT VENTURE; GEMINI
FUND I, L.P.; PRIMA CAPITAL MANAGEMENT,
LLC; VIBRANT CAPITAL CORP.; and VIBRANT
CAPITAL FUNDING I LLC,

                Plaintiffs,

    - against -

[1] MORTON GOLDFARB; [2] CHARLES SAN
FILLIPPO; [3] FRED KLEIN; [4] MARIAN KLEIN;
[5] PATRICK ROTH; [6] GWENDOLIN, INC. F/K/A
CHANGEBRIDGE CORPORATION; [7] VICTOR
NELSON; [8] ROBERT TUCCILLO; [9] SEYMORE
"SY" SCHNEIDER;  [10] PETER VARIO; [11] NEIL RICK;
[12] JOHN LAVIANO; [13] ROBERT HOLBERT;
[14] JANET MULHALL; [15] BARRY T. ZEMAN;
[16] ANGELA ZEMAN; [17] JOSHUA ZEMAN;
[18] JOEL MARKS; [19] RUTH MARKS;
[20] MARVEL IMPORT INDUSTRIES, INC.,
RETIREMENT PLAN; [21] JOSEPH BURKE,
INDIVIDUALLY AND AS THE EXECUTOR OF
THE ESTATE OF JOSEPH M. BURKE, SR.;
[22] HARJINDER S. SIDHU; [23] HOTEL DES PAYS;
[24] JULES SIEBURGH; [25] YOUNG BIN CHOO;
[26] CHOO REVOCABLE TRUST; [27] CHANG
WOON HUH CHOO; [28] DOMINIC MARSICOVETERE;
[29] HAROLD STERNFELD; [30] STUART NATTBOY;
[31] GLORIA NATTBOY, AS THE TRUSTEE OF
THE NATTBOY MARITAL TRUST; [32] MONA L.
SHAPIRO-ROGERS;  [33] CHRIS LOVITO;
[24] RK HILLYER, LLC; [35] ACCOMMODATIONS
IN NEW YORK, INC.; [36] 18TH CORP/KAZUKO
HILLYER; [37] RUTH MARKS FAMILY TRUST;
[38] JOAN ELLEN STEIN; [39] PHILIP UCHITEL;
[40] SUZANNE YOUNG, AS EXECUTOR OF THE
ESTATE OF ANDREW J. YOUNG; [41] IRWIN COHEN;
[42] VALLERIE HARRIS; [43] PHILIP HARRIS;
[44] PHILIP EDWARDS; [45] ELLEN EDWARDS;
[46] BRUCE ROSENZWEIG; [47] MICHAEL

Case No.
09-cv-7667-RJS

**ANSWER OF DEFENDANT NEIL RICK**

1

SANDLOFER; [48] CRIS READ A/K/A CRIS STERNFELD; [49] BROOKE SIEGEL;
[50] IRENE BRANDES; [51] SCOTT EINIGER;
[52] MICHAEL POMERANTZ; [53] ARLENE BERTINI; [54] MATTHEW CANNO TRUST;
[55] PAULA JENNINGS; [56] KEITH COHEN;
[57] PETER COSOLA; [58] FUNDSLOSO, INC.;
[59] PETER COSOLA, INC.; [60] JODY FAITELSON;
[61] STEPHEN KATZ; [62] GERDA MARX;
[63] CRAIG ROSENBERG;  [64] LAURA ROSENBERG;
[65] CATHERINE BRIENZA; [66] PATRICIA SINISTORE;
[67] DOMINICK VARIO; [68] DALE GLASS;
[69] FELIX DIMARTINO; [70] JOANN DIMARTINO;
[71] ROOFTOP, INC.; [72] MATHEW CANNO;
[73] JANICE ABERT; [74] JANICE ABERT DEFINED BENEFIT PENSION PLAN; [75] WILLIAM AUCION;
[76] EDWARD HAMILTON; [77] AXEL VENTURES DEFINED BENEFIT PENSION PLAN; [78] DAVID CRANDALL; [79] ALEXANDER JEONG; [80] LAUREN SEIGEL; [81] DOROTHY TALMADGE;
[82] EMANUEL TRESS; [83] WILLIAM SINISTORE; [84] BOJACK CORPORATION;
[85] PATRICIA ROMANO; AND
[86] BARBARA K. WIENER,

                          Defendants.
---------------------------------------------------------------------X

       Defendant, NEIL RICK, by his attorneys, Campolo, Middleton & Associates, LLP, for his answer to the Amended Complaint alleges as follows:

       1.      Paragraph 1 of the Complaint alleges plaintiffs' theory of the case for which no Response is required. To the extent that a response is deemed necessary, it is denied.

       2.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 2 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

2

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 3 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 4 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 5 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 6 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

## THE PARTIES

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 7.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 8.

## JURISDICTION AND VENUE

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 9 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 10 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

### FIRST CAUSE OF ACTION
### FRAUDULENT TRANSFERS
### NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND 279

11. Defendant incorporates and realleges his answers to paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 12 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 13 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 14 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 15 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

## SECOND CAUSE OF ACTION
## FRAUDULENT TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND 279

16. Defendant incorporates and realleges his answers to paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 17.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 18.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 19 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 20 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

## THIRD CAUSE OF ACTION
## FRAUDULENT TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND 279

21. Defendant incorporates and realleges his answers to paragraphs 1 through 20 of the Complaint as though fully set forth herein.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 22.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 23.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 24 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 25 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

### FOURTH CAUSE OF ACTION
### FRAUDULENT TRANSFERS
### NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND 279

26. Defendant incorporates and realleges his answers to paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 27.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 28.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 29 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

### FIFTH CAUSE OF ACTION
### FRAUDULENT TRANSFERS
### NEW YORK DEBTOR AND CREDITOR LAW §§ 277, 278 AND 279

30. Defendant incorporates and realleges his answers to paragraphs 1 through 29 of the Complaint as though fully set forth herein.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 31.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 32.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 33 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 34 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

## SIXTH CAUSE OF ACTION
## UNDISCOVERED FRAUDULENT TRANSFERS
## NEW YORK CIVIL PROCEDURE LAW AND RULES 203(g) AND
## NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND 279

35. Defendant incorporates and realleges his answers to paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 36.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 37.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 38 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 39 and states to the extent the allegations therein set forth a conclusion of law, a response is not required.

### SEVENTH CAUSE OF ACTION
### RECOVERY OF SUBSEQUENT TRANSFERS
### NEW YORK DEBTOR AND CREDITOR LAW §278

40. Defendant incorporates and realleges his answers to paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41. Defendant avers that paragraph 41 of the Complaint states conclusions of law, for which no responsive pleading is required.

42. Defendant denies the allegations of paragraph 42 of the Complaint as they relate to Mr. Rick.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 43 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 44 and states to the extent the allegations therein set forth a conclusion of law, a response is not required.

### EIGHTH CAUSE OF ACTION
### CONVERSION

45. Defendant incorporates and realleges his answers to paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 46 and states to the extent the allegations therein set forth a conclusion of law, a response is not required.

47. Defendant denies the allegations of paragraph 47 of the Complaint as they relate to Mr. Rick.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 48 and states to the extent the allegations therein set forth a conclusion of law, a response is not required.

49. Defendant avers that paragraph 49 of the Complaint states conclusions of law, for which no responsive pleading is required.

## NINTH CAUSE OF ACTION
## UNJUST ENRICHMENT

50. Defendant incorporates and realleges his answers to paragraph 1 through 49 of the Complaint as though fully set forth herein.

51. Defendant denies the allegations of paragraph 51 of the Complaint as they relate to Mr. Rick.

52. Defendant denies the allegations of paragraph 52 of the Complaint as they relate to Mr. Rick.

53. Defendant denies the allegations of paragraph 53 of the Complaint as they relate to Mr. Rick.

54. Defendant avers that paragraph 54 of the Complaint states conclusions of law, for which no responsive pleading is required.

## TENTH CAUSE OF ACTION
## CONSTRUCTIVE TRUST

55. Defendant incorporates and realleges his answers to paragraphs 1 through 54 of the Complaint as though fully set forth herein.

56. Defendant denies the allegations of paragraph 56 of the Complaint as they relate to Mr. Rick.

57. Defendant avers that paragraph 57 of the Complaint states conclusions of law, for which no responsive pleading is required.

58. Defendant denies the allegations of paragraph 58 of the Complaint as they relate to Mr. Rick.

## ELEVENTH CAUSE OF ACTION
## ACCOUNTING

59. Defendant incorporates and realleges his answers to paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60. Defendant denies the allegations of paragraph 60 of the Complaint as they relate to Mr. Rick.

61. Defendant avers that paragraph 61 of the Complaint states conclusions of law, for which no responsive pleading is required.

62. Defendant denies the allegations of paragraph 62 of the Complaint as they relate to Mr. Rick.

## ANSWER TO SECOND AMENDED COMPLAINT

63. Defendant Neil Rick incorporates by reference his answers to the First Eleven Causes of Action, as those answers are asserted in paragraphs 1-62 above.

64. Defendant Neil Rick denies all of the allegations contained in paragraphs 1-64 of the Second Amended Complaint. To the extent those causes of action are not asserted against Mr. Rick, or contain conclusions of law, Mr. Rick avers that no responsive pleading is required.

## FIRST AFFIRMATIVE DEFENSE

65. The Complaint fails to state a claim against which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

66. Plaintiff's claim is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

67. The Complaint fails to plead fraud with the requisite particularity, and with the requisite verification.

## FOURTH AFFIRMATIVE DEFENSE

68. The Complaint fails to plead all elements of fraud.

## FIFTH AFFIRMATIVE DEFENSE

69. Section 274 of the New York Debtor-Creditor Law is inapplicable to Mr. Rick.

## SIXTH AFFIRMATIVE DEFENSE

70. Section 276 of the New York Debtor-Creditor Law is inapplicable to Mr. Rick.

## SEVENTH AFFIRMATIVE DEFENSE

71. Section 278 of the New York Debtor-Creditor Law is inapplicable to Mr. Rick.

## EIGHTH AFFIRMATIVE DEFENSE

72. Section 279 of the New York Debtor Creditor Law is inapplicable to Mr. Rick.

## NINTH AFFIRMATIVE DEFENSE

73. Plaintiff lacks standing to sue Mr. Rick.

## TENTH AFFIRMATIVE DEFENSE

74. The Complaint fails to plead any elements of common law conversion.

## ELEVENTH AFFIRMATIVE DEFENSE

75. Plaintiff lacks standing to assert common law conversion against Mr. Rick.

## TWELFTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred in whole or in part because Plaintiff's injuries, if any, were caused in whole or in part by acts or omissions of others.

## THIRTEENTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred in whole or in part because Mr. Rick acted in good faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred in whole or in part because the alleged conduct of Mr. Rick was not a proximate cause of the loss or damage, if any, to Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

79. None of the Stein Entities, as defined in the Complaint, was insolvent at the time of the alleged partial return to Mr. Rick of his investment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

80. The Complaint fails to describe the claims asserted against Mr. Rick with sufficient particularity to permit Mr. Rick to ascertain what other defenses may exist. Mr. Rick reserves the right to assert all defenses, which may pertain to the Complaint, once the precise nature of such claims has been ascertained.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

81. Any alleged distributions made by the Stein Entities to Mr. Rick were made in the ordinary course of business.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

82. Any alleged distributions made by the Stein Entities to Mr. Rick were for reasonably equivalent value and/or were returns on Mr. Rick's principal.

**NINETEENTH AFFIRMATIVE DEFENSE**

83. Upon information and belief, the Receiver's fraudulent transfer claims fail as a matter of law because neither the Stein Entities, as defined in the Amended Complaint, nor Gemini Fund I, L.P., were operating as an entirely illegitimate enterprise or "Ponzi Scheme" at the time of the alleged transfer(s) to Defendant Neil Rick.

### TWENTIETH AFFIRMATIVE DEFENSE

84. The Plaintiff's claims are subject to set off.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

84. Causes of Action 12-22 of the Second Amended Complaint are for fraudulent spousal transfers and/or only assert causes of action against Joan Ellen Stein, and as such, they are inapplicable to Mr. Rick.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

85. The Plaintiff's claims are barred by the doctrines of *in pari delicto* and estoppel.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

86. There can be no viable claim for unjust enrichment when there is an enforceable contract between the parties. If the Court determines that there was a binding and enforceable contract between Defendant and a Receivership Entity, the Receiver's claim for unjust enrichment is barred.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

87. The Plaintiff's fraudulent transfer claims fail as a matter of law because the assets transferred were not the assets of the Debtor.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

88. The Plaintiff's fraudulent transfer claims fail as a matter of law because neither the Receiver nor the Receivership Entities is a "creditor" for purposes of asserting such a claim. *See, e.g., Eberhard v. Marcu,* 530 F.3d 122, 129-134 (2d Cir. 2008) (holding that SEC Receiver

had no standing to pursue fraudulent transfer claims since he was not a "creditor" of transferor so as to have been injured by the transfer).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

89.     The Plaintiff's cause of action for Unjust Enrichment fails as against Defendant Neil Rick because Mr. Rick gave adequate consideration for the benefit conferred. It is axiomatic that when adequate consideration has been provided in exchange for the benefit conferred, a claim of unjust enrichment fails. Similarly, fraudulent transfer claims fail when there has been an exchange of "reasonably equivalent value" and Mr. Rick submits that he was a good faith transferee who paid fair consideration and "reasonably equivalent value" for any alleged transfer.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

90.     Plaintiff's claims against Defendant Neil Rick are barred by the doctrine of laches.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

91.     Plaintiff's claims against Defendant Neil Rick are barred by documentary evidence.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

92.     Plaintiff's claims against Defendant Neil Rick are barred by the Statute of Frauds.

## THIRTIETH AFFIRMATIVE DEFENSE

93.     Plaintiff's claims against Defendant Neil Rick are barred because of Plaintiff's failure to minimize or mitigate damages.

## **JURY DEMAND**

Mr. Rick demands a jury trial with respect to all claims to which he is entitled.

**WHEREFORE**, defendant NEIL RICK demands that the Complaint be dismissed against him in its entirety, that he be awarded costs and disbursements of this action, including reasonable attorney's fees, together with such other relief as the Court deems just and proper.

Dated:     Bohemia, New York
           May 28, 2010

        **CAMPOLO, MIDDLETON
        & ASSOCIATES, LLP**

        By:  /s/ Joseph N. Campolo_____
           Joseph N. Campolo, Esq.(JC 8079)
           *Attorneys for Defendant Neil Rick*
           3340 Veterans Memorial Highway
           Suite 400
           Bohemia, NY  11716
           Telephone: (631) 738-9100
           Facsimile:  (631) 738-0659