UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| [1] H. THOMAS MORAN, II, AS RECEIVER OF THE ASSETS OF EDWARD T. STEIN; DISP, LLC; EDWARD T. STEIN ASSOCIATES, LTD.; G&C PARTNERSHIP JOINT VENTURE; GEMINI FUND I, L.P.; PRIMA CAPITAL MANAGEMENT, LLC; VIBRANT CAPITAL CORP.; and VIBRANT CAPITAL FUNDING I LLC, | ) ) ) ) ) ) ) ) ) ) | **ANSWER** |
| Plaintiff, | ) ) ) | 09-cv-7667-DLC |
| - against - | ) ) ) | |
| [1] MORTON GOLDFARB; [2] CHARLES SAN FILLIPPO; [3] FRED KLEIN; [4] MARIAN KLEIN; [5] PATRICK ROTH; [6] GWENDOLIN, INC. F/K/A CHANGEBRIDGE CORPORATION; [7] VICTOR NELSON; [8] ROBERT TUCCILLO; [9] SEYMORE "SY" SCHNEIDER; [10] PETER VARIO; [11[ NEIL RICK; [12] JOHN LAVIANO; [13] ROBERT HOLBERT; [14] JANET MULHALL; [15] BARRY T. ZEMAN; [16] ANGELA ZEMAN; [17] JOSHUA ZEMAN; [18] JOEL MARKS; [19] RUTH MARKS; [20] MARVEL IMPORT INDUSTRIES, INC., RETIREMENT PLAN; [21] JOSEPH BURKE, INDIVIDUALLY AND AS THE EXECUTOR OF THE ESTATE OF JOSEPH M. BURKE, SR.; [22] HARJINDER S. SIDHU; [23] HOTEL DES PAYS; [24] JULES SIEBURGH; [25] YOUNG BIN CHOO; [26] CHOO REVOCABLE TRUST; [27] CHANG WOON HUH CHOO; [28] DOMINIC MARSICOVETERE; [29] HAROLD STERNFELD; [30] STUART NATTBOY; [31] GLORIA NATTBOY, AS THE TRUSTEE OF THE NATTBOY MARITAL TRUST; [32] MONA  L. SHAPIRO-ROGERS; [33] CHRIS LOVITO; [24] RK HILLYER, LLC; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

[35] ACCOMMODATIONS IN NEW YORK,                    )
INC.; [36] 18TH CORP/KAZUKO HILLYER;      )
[37] RUTH MARKS FAMILY TRUST;                       )
[38] JOAN ELLEN STEIN; [39] PHILIP                  )
UCHITEL; [40] SUZANNE YOUNG, AS                     )
EXECUTOR OF THE STATE OF                            )
ANDREW J. YOUNG; [41] IRWIN COHEN;                  )
[42] VALLERIE HARRIS; [43] PHILIP                   )
HARRIS; [44] PHILIP EDWARDS;                        )
[45] ELLEN EDWARDS; [46] BRUCE                      )
ROSENZWEIG; [47] MICHAEL                            )
SANDLOFER; [48] CRIS READ A/K/A CRIS                )
STERNFELD; [49] BROOKE SIEGEL;                      )
[50] IRENE BRANDES; [51] SCOTT                      )
EINIGER; [52] MICHAEL POMERANTZ;                    )
[53] ARLENE BERTINI; [54] MATTHEW                   )
CANNO TRUST; [55] PAULA JENNINGS;                   )
[56] KEITH COHEN; [57] PETER COSOLA;                )
[58] FUNDSLOSO, INC.; [59] PETER                    )
COSOLA, INC.; [60] JODY FAITELSON;                  )
[61] STEPHEN KATZ; [62] GERDA MARX;                 )
[63] CRAIG ROSENBERG; [64] LAURA                    )
ROSENBERG; [65] CATHERINE BRIENZA;                  )
[66] PATRICIA SINISTORE;                            )
[67] DOMINICK VARIO; [68] DALE GLASS;               )
[69] FELIX DIMARTINO; [70] JOANN                    )
DIMARTINO; [71] ROOFTOP, INC.;                      )
[72] MATHEW CANNO; [73] JANICE                      )
ABERT; [74] JANICE ABERT DEFINED                    )
BENEFIT PENSION PLAN;                               )
[75] WILLIAM AUCION; [76] EDWARD                    )
HAMILTON; [77] AXEL VENTURES                        )
DEFINED BENEFIT PENSION PLAN;                       )
[78] DAVID CRANDALL; [79] ALEXANDER                 )
JEONG; [80] LAUREN SEIGEL;                          )
[81] DOROTHY TALMADGE; [82]                         )
EMANUEL TRESS; [83] WILLIAM                         )
SINISTORE; [84] BOJACK                              )
CORPORATION; [85] PATRICIA                          )
ROMANO; AND                                         )
[86] BARBARA K. WIENER,                             )
                                                    )
                        Defendants.                 )

Defendant, EMANUEL TRESS, by his attorneys, Jaspan Schlesinger LLP, for his answer to the Amended Complaint (the "Complaint") alleges as follows:

1.  Paragraph 1 of the Complaint alleges plaintiffs' theory of the case for which no response is required.  To the extent that a response is deemed necessary, it is denied.

2.  Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶2 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

3.  Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶3 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

4.  Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶4 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶5 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶6 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶7.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶8.

9.   Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶9 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

10. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶10 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

11. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶11 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

12. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶13.

14.  Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶15 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

16. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶16 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

17. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶17 and states to the extent the allegations therein set forth a

conclusion of law a response is not required.

18. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶18 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

19. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶20 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

21. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶22 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

23. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶23 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

24. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶25 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

26. Denies knowledge or information sufficient to form a belief as to the truth of the

matters alleged in Complaint ¶26 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

27. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶27 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

28. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶28 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

29. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶29 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

30. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶30 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

31. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶31 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

32. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶32 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

33. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶33 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

34. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶34 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

35. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶35 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

36. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶37.

38. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶39 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

40. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶40 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

41. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶41 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

42. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶42 and states to the extent the allegations therein set forth a

conclusion of law a response is not required.

43. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶44 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

45. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶45 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

46. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶46.

47. Denies the truth of the matters alleged in Complaint ¶47.

48. Denies the truth of the matters alleged in Complaint ¶48.

49. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶49.

50. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶50 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

51. Denies the truth of the matters alleged in Complaint ¶51.

52. Denies the truth of the matters alleged in Complaint ¶52.

53. Denies the truth of the matters alleged in Complaint ¶53.

54. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶54 and states to the extent the allegations therein set forth a

conclusion of law a response is not required.

55. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶55 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

56. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶56 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

57. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶57 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

58. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶58 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

59. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶59 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

60. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶60 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

61. Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶61 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

62. Denies knowledge or information sufficient to form a belief as to the truth of the

matters alleged in Complaint ¶62.

## FIRST DEFENSE

63. The Complaint fails to state a claim against which relief may be granted.

## SECOND DEFENSE

64. Plaintiff's claim is barred by the applicable statute of limitations.

## THIRD DEFENSE

65. Neither the Stein Entities, as defined in the Complaint, nor Gemini Fund I, L.P., were insolvent at the time of the transfer(s) to the Defendant.

## FOURTH DEFENSE

66. Plaintiff's claims are barred in whole or in part because Plaintiff's injuries, if any, were caused in whole or in part by acts or omissions of others.

## FIFTH DEFENSE

67. Plaintiff's claims are barred in whole or in part because Tress acted in good faith.

## SIXTH DEFENSE

68. Plaintiff's claims are barred in while or in part because the alleged conduct of Tress was not a proximate cause of the loss or damage, if any, to Plaintiff.

**WHEREFORE**, defendant EMANUEL TRESS demands that the Amended Complaint be dismissed in against him in its' entirety, and that he be awarded the costs and disbursements of this action, including reasonable attorney's fees, together with such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendant, EMANUEL TRESS, demands a jury trial with respect to all claims to which

it is entitled.

Dated:   Garden City, New York
         June 7, 2010

                              JASPAN SCHLESINGER LLP
                              Attorneys for Defendant
                              EMANUEL TRESS


                     By:     s/Lisa M. Golden
                             LISA M. GOLDEN

TO:    Melvin R. McVay , Jr.**,** Esq.
        PHILIP J. SPORN & ASSOCIATES
        Attorneys for Plaintiffs
        Corporate Tower
        13th Floor
        101 North Robinson Avenue
        Oklahoma City, Oklahoma 73102
        (705) 235-4100

        Jason A. Dunn, Esq.
        PHILLIPS MURRAH, P.C.
        Attorneys for Plaintiffs
        Cooperate Tower
        10th Floor
        101-N.N. Robinson
        Oklahoma City, Oklahoma 73102
        (405) 235-4100

        Patrick T. Collins, Esq.
        FARRELL FRITZ, P.C.
        Attorneys for Defendants
        YOUNG BIN CHOO, CHOO REVOCABLE TRUST,
        and CHANG WOON HUH CHOO
        1320 Reckson Plaza
        Uniondale, New York 11556
        (516) 227-0700

        Alfredo Felix Mendez, Esq.
        Lee Nolan Jacobs, Esq.
        ABRAMS, FENSTERMAN, FENSTERMAN, ET AL.
        Attorneys for Defendant
        SCOTT EINIGER
        630 Third Avenue
        5th Floor
        New York, New York 10017
        (212) 279-9200

        Gerry E. Fienberg, Esq.
        GERRY E. FEINBERG, PC
        Attorneys for Defendant
        MICHAEL POMERANTZ
        11 Martine Avenue
        White Plains, New York 10606
        (914) 946-4343

Carl Francis Schoeppl, Esq.
SCHOEPPL & BURKE, P.A.
Attorneys for Defendant
DALE GLASS
4651 North Federal Highway
Boca Raton, Florida 33431
(561) 394-8301

Joseph N. Campolo, Esq.
CAMPOLO, MIDDLETON & ASSOCIATES, LLP
Attorneys for Defendant
NEIL RICK
3340 Veterans Memorial Highway
Suite 400
Bohemia, New York 11716
(631) 738-9100

Steven D. Feinstein, Esq.
GIACOMO, GALLO, FEINSTEIN & NAISHTUT, LLP
Attorneys for Defendants
JANICE ALBERT and
JANICE ALBERT DEFINED BENEFIT PENSION PLAN
211 South Ridge Street
Rye Brook, New York 10573
(914) 939-0002

Jonathan B. Strauss
LAW OFFICE OF JONATHAN STRAUSS
Attorney for Defendant
ALEXANDER JEONG
233 Broadway, Suite 900
New York, New York 10279-0001
(212) 732-3050

Dorothy Talmadge
Defendant *Pro Se*
21 Hampton Road
North Massapequa, New York 11758

SLM/701094v1/11111