UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

H. THOMAS MORAN, II, AS RECEIVER OF
THE ASSETS OF EDWARD T. STEIN; DISP,
LLC; EDWARD T. STEIN ASSOCIATES,
LTD.; G&C PARTNERSHIP JOINT VENTURE;
GEMINI FUND I, L.P.;
PRIMA CAPITAL MANAGEMENT, LLC;
VIBRANT CAPITAL CORP.; and
VIBRANT CAPITAL FUNDING I LLC,

                Plaintiffs,

      -against-

MORTON GOLDFARB, *et al.*

               Defendants.
------------------------------------------------------------------X
NEIL RICK

               Defendants/
               Third Party Plaintiff,

      - against -

EDWARD T. STEIN; GEMINI FUND I, L.P.;
LAWRENCE PASSARETTI;
RONALD BENEVENTO;
AXA EQUITABLE FINANCIAL SERVICES, LLC;
PROFESSIONAL PLANNING SERVICES, LLC

               Third Party Defendants.
------------------------------------------------------------------X

**Index No.  09-cv-7667-RJS**

**THIRD PARTY COMPLAINT**

      Third party plaintiff NEIL RICK, by his attorneys, Campolo, Middleton & Associates, LLP, alleges the following:

## PARTIES

      1.     Third party plaintiff Neil Rick is a resident of the State of New York, County of Richmond.

2. Upon information and belief third party defendant Edward Stein ("Stein") is a resident of New York, New York.

3. Stein controls all of the operations of Gemini Fund I, L.P. and several other entities which are currently the subject of an SEC enforcement action.

4. Third party defendant Gemini Fund I, L.P. ("Gemini") was formed by third party defendants Stein in New York on August 13, 1992 and currently operates out of Stein's offices in Roslyn, New York.

5. Gemini is a hedge fund managed by third party defendants Stein, and Stein is its General Partner.

6. Third party defendant Professional Planning Services, LLC ("PPS") is a company organized under the laws of New York and maintains its principal place of business at 155 Pinelawn Road, Ste. 300 South Melville, NY 11747

7. Third party defendant Axa Equitable Financial Services, LLC ("Axa"), is a company organized under the laws of Delaware and maintains its principal place of business at 1290 Avenue of the Americas, New York, New York 10104.

8. Third party defendant Lawrence Passeretti ("Passaretti") is the managing member of third party defendants PPS, and a resident of the State of New York, County of Suffolk.

9. Third party defendant Ronald Benevento ("Benevento") is a resident of the State of New York, County of New York.

10. Together, PPS, Axa, Lawerence Passeretti and Ronald Benevento are referred to herein as the "Investment Advisors".

## FACTS

11. Since approximately January of 1990, third party plaintiff has utilized the financial and investment services of Lawrence Passaretti.

12. Third party defendant Passeretti is and at all relevant times was the managing member of Professional Planning Services, LLC.

13. Upon information and belief, Third party defendants Passeretti and Professional Planning Services, LLC had the discretionary authority to buy and sell securities on third party plaintiff's behalf for third party plaintiff's account with PPS.

14. Upon information and belief, between 1997 and 2004 Professional Planning Services, LLC is a broker/dealer and investment advisor and an agent of The Equitable Life Assurance Society of the United States.

15. Upon information and belief, The Equitable Life Assurance Society of the United States is and at all relevant times was a wholly owned subsidiary of Axa Equitable Financial Services, LLC.

16. Upon information and belief, in 2004, The Equitable Life Assurance Society of the United States changed its name to Axa Equitable Life Insurance Company, remaining a wholly owned subsidiary of Axa Equitable Financial Services, LLC.

17. On or about February 12 1997, third party defendant Investment Advisors, used discretionary authority over third party plaintiff's account to invest third party plaintiff in Gemini.

18. On April 1, 2009, the Securities and Exchange Commission commenced an action against third party defendants Stein and several companies owned by third party defendant Stein, including Gemini.

19. Among the allegations contained in the SEC complaint against third party defendant Stein and third party defendant Gemini, are that Detour Media, Inc., the company in which Gemini was primarily invested, filed for chapter 7 bankruptcy in 2003, and that Stein continued to sell interests in Gemini and issue Gemini account statements that he knew or was reckless in not knowing, reflected fictitious growth in Gemini capital accounts over time.

20. Third party defendant Investment Advisors owed fiduciary duties of loyalty, care, and good faith and fair dealing towards third party plaintiff as a result of their relationship as investment advisors to third party plaintiff with discretionary authority to manage third party plaintiff's investments.

21. In investing in and allowing third party plaintiff's assets to remain in Gemini, the Investment Advisors breached their fiduciary duties by failing to conduct adequate due diligence and/or ignoring numerous red flags that would have alerted an investor of ordinary prudence that third party defendant Stein was running a Ponzi scheme through Gemini.

22. Upon information and belief, in 1997, third party defendant PPS was located in the same building as Gemini. At that time, PPS had an address of 201 North Service Road, Suite 400, Melville, NY and Gemini had an address of 201 North Service Road, Melville, NY Suite 100.

**AS A FIRST CAUSE OF ACTION**
**(Fraud)**
**(Against Third party defendantss Edward T. Stein and Gemini Fund I, L.P.)**

23. Third party plaintiffs repeat, re-allege, and incorporate herein paragraphs 1 through 22 as if set forth in full herein

24. Since at least 1997, the Third party defendants Stein and Gemini mailed to third party plaintiff on a quarterly basis, account statements for Gemini which contained false,

fraudulent, and misleading information regarding the value of third party plaintiff's investment in Gemini and showed fictitious profits.

25. On or about January 2, 1998 third party defendants Stein and Gemini sent an account statement which stated that for the period 1/1/98 to 12/31/98, the value of Mr. Rick's investment with Gemini had increased from $589,690.23 to $623,243.45.

26. Third Party Defendants Stein and Gemini had actual knowledge that this account balance and purported increase in the value of the account balance were false.

27. Third party defendants Stein and Gemini had actual knowledge that the account balances and the fictitious increases in the value of the investments stated in the quarterly account statements from 1998 to 2009 were false, fraudulent, and misleading.

28. These aforementioned account statements and the fictitious balances and values indicated on them were material to the decision to invest third party plaintiff's money in and keep his money invested in Gemini Fund I, L.P.

29. Third party defendants Stein and Gemini made created and sent these fictitious account statements with the intent to deceive third party plaintiff and for the purpose of inducing third party plaintiff to invest in and to keep third party plaintiff's money invested in Gemini Fund I, L.P.

30. Third party plaintiff did in fact justifiably rely on the fictitious and fraudulent account statements created and sent to him by third party defendants Stein and Gemini.

31. Third party defendants Stein and Gemini thereby induced third party plaintiff to invest his money in Gemini and keep third party plaintiff's money invested in Gemini for a period of approximately 13 years.

32.	As a result of the fraud committed by Third party defendants Stein and Gemini, third party plaintiff has been damaged in an amount to be determined at trial, but believed to be not less than $400,000.

**AS A SECOND CAUSE OF ACTION**
**(BREACH OF FIDUCIARY DUTY)**
**(Against the Investment Advisors PPS, Axa, Passaretti, and Benevento)**

33.	As to paragraphs 1-32, third party plaintiff repeats and realleges each and every allegation above as if set forth fully herein.

34.	Third party defendant Investment Advisors owed fiduciary duties of loyalty, care, and good faith and fair dealing towards third party plaintiff as a result of their relationship as investment advisors to third party plaintiff with discretionary authority to manage third party plaintiff's investments.

35.	Upon information and belief, the third party defendants breached their fiduciary duty to third party plaintiffs by failing to investigate, confirm, and review with reasonable care and diligence the information contained in the written materials and other representations made by third party defendants Stein and Gemini in account statements and any other documents received by the Investment Advisors from third party defendants Stein and Gemini.

36.	Upon information and belief, third party defendants Investment Advisors breached their fiduciary duties owed to third party plaintiff by investing third party plaintiff's assets in Gemini Fund, L.P. while failing to perform adequate due diligence on Gemini and/or in spite of all of numerous warning signs that Gemini Fund's account statements and profits were false.

37.	Upon information and belief, these warning signs included, but are not limited to:

      a. Mr. Stein's involvement in previous litigations involving securities violations

      b. the 2003 chapter 7 bankruptcy of Gemini Fund I, L.P.'s primary investment, Detour Media Group, Inc.

      c. highly unusual account activity, including unusually high and consistent returns that were inconsistent with similar types of investment funds.

38. As a result of third party defendants Investment Advisors breach of fiduciary duty towards third party plaintiff, third party plaintiff has suffered damage proximately caused by third party defendants Investment Advisors in an amount to be determined at trial, but believed to be not less than $400,000.

## AS A THIRD CAUSE OF ACTION
### (NEGLIGENCE)
### (Against the Investment Advisors PPS, Axa, Passaretti, and Benevento)

39. As a Third party plaintiff repeats and realleges each and every allegation above in paragraphs 1-38 as if set forth fully herein.

40. Third party defendant Investment Advisors owed third party plaintiff a duty: (1) to use due care in investing third party plaintiffs money and/or recommending investments to third party plaintiff; and (2) to use reasonable diligence in determining the soundness and accuracy and risk associated with investments of third party plaintiff's money, including in Gemini Fund I, L.P.

41. Upon information and belief, the third party defendants breached their duty to third party plaintiffs by failing to investigate, confirm, and review with reasonable care and diligence the information contained in the written materials and other representations made by

third party defendants Stein and Gemini in account statements and any other documents received by the Investment Advisors from third party defendants Stein and Gemini.

42. As a direct, foreseeable and proximate result of this negligence, third party plaintiffs have sustained damages in an amount to be determined at trial, but believed to be not less than $400,000.

**WHEREFORE**, third party plaintiff requests judgment be entered as follows:

1) On third party plaintiff's first claim, in the amount to be determined at trial, but believed to be not less than $400,000 plus accrued interest;

2) On third party plaintiff's second claim, in the amount to be determined at trial, but believed to be not less than $400,000 plus accrued interest;

3) On third party plaintiff's third claim, in the amount to be determined at trial, but believed to be not less than $400,000 plus accrued interest; and any other relief as the Court may deem just and equitable

## JURY DEMAND

Third party plaintiffs demand a trial by jury as to all issues triable of right by a jury.

Dated: Bohemia, New York
June 11, 2010

CAMPOLO, MIDDLETON
& ASSOCIATES, LLP

*[signature]*

Scott D. Middleton, Esq. (SDM8086)
3340 Veterans Memorial Highway
Suite 400
Bohemia, New York 11716
631-738-9100
smiddleton@cmnallp.com