# Amended Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| [1] H. THOMAS MORAN, II, AS RECEIVER OF THE ASSETS OF EDWARD T. STEIN; DISP, LLC; EDWARD T. STEIN ASSOCIATES, LTD.; G&C PARTNERSHIP JOINT VENTURE; GEMINI FUND I, L.P.; PRIMA CAPITAL MANAGEMENT, LLC; VIBRANT CAPITAL CORP.; and VIBRANT CAPITAL FUNDING I LLC,<br><br>               Plaintiff,<br><br>      -against-<br><br>[1] MORTON GOLDFARB; [2] CHARLES SAN FILLIPPO; [3] FRED KLEIN; [4] MARIAN KLEIN; [5] PATRICK ROTH; [6] GWENDOLIN, INC. F/K/A CHANGEBRIDGE CORPORATION; [7] VICTOR NELSON; [8] ROBERT TUCCILLO; [9] SEYMORE "SY" SCHNEIDER; [10] PETER VARIO; [11] NEIL RICK; [12] JOHN LAVIANO; [13] ROBERT HOLBERT; [14] JANET MULHALL; [15] BARRY T. ZEMAN; [16] ANGELA ZEMAN; [17] JOSHUA ZEMAN; [18] JOEL MARKS; [19] RUTH MARKS; [20] MARVEL IMPORT INDUSTRIES, INC., RETIREMENT PLAN; [21] JOSEPH BURKE, INDIVIDUALLY AND AS THE EXECUTOR OF THE ESTATE OF JOSEPH M. BURKE, SR.; [22] HARJINDER S. SIDHU; [23] HOTEL DES PAYS; [24] JULES SIEBURGH; [25] YOUNG BIN CHOO; [26] CHOO REVOCABLE TRUST; [27] CHANG WOON HUH CHOO; [28] DOMINIC MARSICOVETERE; [29] HAROLD STERNFELD; [30] STUART NATTBOY; [31] GLORIA NATTBOY, AS THE TRUSTEE OF THE NATTBOY | CASE NO.: 09-cv-7667 - DLC<br><br>JURY TRIAL DEMANDED |

MARITAL TRUST; [32] MONA L. )
SHAPIRO-ROGERS; [33] CHRIS LOVITO; )
[34] RK HILLYER, LLC; )
[35] ACCOMMODATIONS IN NEW YORK, )
INC.; [36] 18TH CORP/KAZUKO HILLYER; )
[37] RUTH MARKS FAMILY TRUST; )
[38] JOAN ELLEN STEIN; [39] PHILIP )
UCHITEL; [40] SUZANNE YOUNG, AS )
EXECUTOR OF THE ESTATE OF )
ANDREW J. YOUNG; [41] IRWIN COHEN; )
[42] VALLERIE HARRIS; [43] PHILIP )
HARRIS; [44] PHILIP EDWARDS; )
[45] ELLEN EDWARDS; [46] BRUCE )
ROSENZWEIG; [47] MICHAEL )
SANDLOFER; [48] CRIS READ A/K/A CRIS )
STERNFELD; [49] BROOKE SIEGEL; )
[50] IRENE BRANDES; [51] SCOTT )
EINIGER; [52] MICHAEL POMERANTZ; )
[53] ARLENE BERTINI; [54] MATTHEW )
CANNO TRUST; [55] PAULA JENNINGS; )
[56] KEITH COHEN; [57] PETER COSOLA; )
[58] FUNDSLOSO, INC.; [59] PETER )
COSOLA, INC.; [60] JODY FAITELSON; )
[61] STEPHEN KATZ; [62] GERDA MARX; )
[63] CRAIG ROSENBERG; [64] LAURA )
ROSENBERG; [65] CATHERINE BRIENZA; )
[66] PATRICIA SINISTORE; )
[67] DOMINICK VARIO; [68] DALE GLASS; )
[69] FELIX DIMARTINO; [70] JOANN )
DIMARTINO; [71] ROOFTOP, INC.; )
[72] MATHEW CANNO; [73] JANICE )
ABERT; [74] JANICE ABERT DEFINED )
BENEFIT PENSION PLAN; )
[75] WILLIAM AUCION; [76] EDWARD )
HAMILTON; [77] AXEL VENTURES )
DEFINED BENEFIT PENSION PLAN; )
[78] DAVID CRANDALL; [79] ALEXANDER )
JEONG; [80] LAUREN SEIGEL; )
[81] DOROTHY TALMADGE; [82] )
EMANUEL TRESS; [83] WILLIAM )
SINISTORE; [84] BOJACK )
CORPORATION; [85] PATRICIA )
ROMANO; AND )

[86] BARBARA K. WIENER, )
)
               **Defendants.** )

## AMENDED COMPLAINT

H. Thomas Moran, II, Receiver (the "Receiver") for the assets of Edward T. Stein; DISP, LLC; Edward T. Stein Associates, Ltd.; G&C Partnership Joint Venture; Gemini Fund I, L.P.; Prima Capital Management, LLC; Vibrant Capital Corp. and Vibrant Capital Funding I, LLC (the "Stein Entities"), states as follows, based on actual knowledge and information and belief:

## NATURE OF THE PROCEEDINGS

1. This is an ancillary proceeding undertaken as part of the Receiver's continuing duty to locate, preserve and administer the assets of the Stein Entities (the "Receivership Estate") that were diverted by Edward T. Stein in the course of his 20–year Ponzi scheme.

2. On March 31, 2009, the United States filed a criminal case in the United States District Court for the Eastern District of New York, *USA v. Stein,* Case No. 1:09-cr-00377-JBW (the "Criminal Case"), charging Mr. Stein with committing securities fraud and wire fraud in the course of interrelated schemes to defraud investors in the Stein Entities.

3. Contemporaneously, the United States Securities and Exchange Commission filed a civil case in the United States District Court for the Southern District of New York, *Securities and Exchange Commission v. Edward T. Stein et al.,* Case No. 1:09-cv-03125-GEL (the "SEC Action"), alleging that Mr. Stein violated a number of

federal securities laws by moving over $55 million from investors through the Stein Entities in "a classic Ponzi scheme" that spanned nearly 20 years. Rather than investing money as directed, Mr. Stein used investor money for other purposes such as funding a failed magazine venture, purchasing life settlement policies used in various transactions with the Stein Entities and paying other investors.

4. At the SEC's request, this Court entered its order in the SEC Action appointing Mr. Moran as the Receiver for the assets of Mr. Stein and the Stein Entities on April 14, 2009 (the "Receivership Order").

5. On June 22, 2009, Mr. Stein entered a guilty plea in the Criminal Case. Mr. Stein admitted that he committed securities fraud and wire fraud in the course of his Ponzi scheme, which was accomplished through the Stein Entities beginning in 1998.

6. At this time, the Receiver has information indicating that the Defendants received distributions in excess of their investments in the Stein Entities. The Receiver seeks to recover the excess distributions to the Defendants during the six-year period beginning on August 31, 2003 through the present (the "Transfers"). The Transfers constitute fraudulent transfers which must be returned pursuant to the New York Fraudulent Conveyance Act (N.Y. Debt. & Cred. § 270 *et seq.*).

## THE PARTIES

7. The Receiver is the court-appointed receiver of the assets of the Stein Entities.

8. The Defendants are individuals and entities that, on information and belief, received the Transfers from the Stein Entities.

4

## JURISDICTION AND VENUE

9. This is an ancillary proceeding brought in the same Court where the SEC Action is pending, and in which the Receiver was appointed. This Court has jurisdiction over this ancillary proceeding pursuant 28 U.S.C. § 1367. *See Pope v. Louisville, N. A. & C. Ry.*, 173 U.S. 573 (1899) and its progeny.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## FIRST CAUSE OF ACTION
## FRAUDULENT TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND 279

11. The Receiver incorporates the allegations contained in paragraphs 1 through 10 above as though fully set forth herein.

12. During all relevant times there were and are one or more creditors holding matured or unmatured unsecured claims against the Stein Entities.

13. The Stein Entities did not receive fair consideration for the Transfers made to the Defendants.

14. The Stein Entities were insolvent at the time that Mr. Stein caused them to make each of the Transfers or they were rendered insolvent as a result of the Transfers.

15. As a result of the foregoing, the Receiver is entitled to judgment pursuant to §§ 273, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Defendants for the benefit of the Receivership Estate.

## SECOND CAUSE OF ACTION
## FRAUDULENT TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND 279

16. The Receiver incorporates the allegations contained in paragraphs 1 through 15 above as though fully set forth herein.

17. During all relevant times there were and are one or more creditors holding matured or unmatured unsecured claims against the Stein Entities.

18. The Stein Entities did not receive fair consideration for the Transfers made to the Defendants.

19. At the time of each of the Transfers, Mr. Stein caused the Stein Entities to engage in, or to prepare to engage in, business or transactions for which the property remaining in the hands of the Stein Entities after each of the Transfers constituted unreasonably small capital.

20. As a result of the foregoing, the Receiver is entitled to judgments pursuant to §§ 274, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Defendants for the benefit of the Receivership Estate.

## THIRD CAUSE OF ACTION
## FRAUDULENT TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND 279

21. The Receiver incorporates the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

6

22. During all relevant times there were and are one or more creditors holding matured or unmatured unsecured claims against the Stein Entities.

23. The Stein Entities did not receive fair consideration for the Transfers made to the Defendants.

24. At the time that Mr. Stein caused the Stein Entities to make each Transfer, Mr. Stein had caused the Stein Entities to incur, intended the Stein Entities to incur, or believed that the Stein Entities would incur debts beyond their ability to pay those debts as the debts matured.

25. As a result of the foregoing, the Receiver is entitled to judgment pursuant to §§ 275, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Defendants for the benefit of the Receivership Estate.

### FOURTH CAUSE OF ACTION
### FRAUDULENT TRANSFERS
### NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND 279

26. The Receiver incorporates the allegations contained in paragraphs 1 through 25 above as though fully set forth herein.

27. During all relevant times there were and are one or more creditors holding matured or unmatured unsecured claims against the Stein Entities.

28. Mr. Stein caused the Stein Entities to make the Transfers with the actual intent to hinder, delay, or defraud the Stein Entities' creditors. Mr. Stein caused the Stein

Entities to make the Transfers to, or for the benefit of, the Defendants in furtherance of his Ponzi scheme.

29. As a result of the foregoing, the Receiver is entitled to judgment pursuant to §§ 276, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Defendants for the benefit of the Receivership Estate.

### FIFTH CAUSE OF ACTION
### FRAUDULENT TRANSFERS
### NEW YORK DEBTOR AND CREDITOR LAW §§ 277, 278 AND 279

30. The Receiver incorporates the allegations contained in paragraphs 1 through 29 above as though fully set forth herein.

31. During all relevant times there were and are one or more creditors holding matured or unmatured unsecured claims against the Stein entity Gemini Fund I, L.P., a limited partnership also known as Amerifund, ("Gemini").

32. Mr. Stein caused the Transfers of partnership property from Gemini to the Defendants when Gemini was insolvent or Gemini was rendered insolvent by virtue of the Transfers to the Defendants.

33. Mr. Stein caused the Transfers of Gemini partnership property to Defendants that were Gemini partners or to Defendants who were not Gemini partners without fair consideration to the partnership.

34. As a result of the foregoing, the Receiver is entitled to judgment pursuant to §§ 277, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and

8

preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Defendants for the benefit of the Receivership Estate.

## SIXTH CAUSE OF ACTION
## UNDISCOVERED FRAUDULENT TRANSFERS
## NEW YORK CIVIL PROCEDURE LAW AND RULES 203(g) AND
## NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND 279

35. The Receiver incorporates the allegations contained in paragraphs 1 through 34 above as though fully set forth herein.

36. During all times relevant to the Transfers, the Ponzi scheme perpetrated by Mr. Stein through the Stein Entities could not reasonably have been discovered by at least one creditor of the Stein Entities.

37. During all relevant times there were and are one or more creditors holding matured or unmatured unsecured claims against the Stein Entities.

38. Mr. Stein caused the Stein Entities to make the Transfers with the actual intent to hinder, delay, or defraud the Stein Entities' creditors. Mr. Stein caused the Stein Entities to make the Transfers to, or for the benefit of, the Defendants in furtherance of his Ponzi scheme.

39. As a result of the foregoing, the Receiver is entitled to judgment pursuant to New York Civil Procedure Law and Rule 203(g) and §§ 276, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Defendants for the benefit of the Receivership Estate.

## SEVENTH CAUSE OF ACTION
## RECOVERY OF SUBSEQUENT TRANSFERS
## <u>NEW YORK DEBTOR AND CREDITOR LAW § 278</u>

40. The Receiver incorporates the allegations contained in paragraphs 1 through 39 above as though fully set forth herein.

41. Each of the Transfers are avoidable pursuant to §§ 273, 274, 275, 276 or 277 of the New York Debtor and Creditor Law.

42. On information and belief, some or all of the Transfers were subsequently transferred to individuals or entities without a good faith basis and for less than fair consideration (the "Subsequent Transfers").

43. Some or all of the Defendants were immediate or mediate transferees of the Subsequent Transfers.

44. As a result of the foregoing, the Receiver is entitled to judgment pursuant to § 278 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Subsequent Transfers; (b) directing that the Subsequent Transfers be set aside; and (c) recovering the Subsequent Transfers, or the value thereof, from the Defendants for the benefit of the Receivership Estate.

## EIGHTH CAUSE OF ACTION
## <u>CONVERSION</u>

45. The Receiver incorporates the allegations contained in paragraphs 1 through 44 above as though fully set forth herein.

46. The Stein Entities had possessory rights and interests to their assets, including their investors' funds.

47. The Defendants converted these assets when they received money originating from other investors in the Stein Entities in the form of payments and other transfers exceeding the Defendants' investments in the Stein Entities. These actions deprived the Stein Entities and their other investors of the use of these assets.

48. As a direct and proximate cause of this conduct, the Stein Entities and their other investors have not had the use of the assets converted by the Defendants.

49. Therefore, the Receiver, on behalf of the Receivership Estate, is entitled to compensatory damages in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
### UNJUST ENRICHMENT

50. The Receiver incorporates the allegations contained in paragraphs 1 through 49 above as though fully set forth herein.

51. The Defendants benefited from the receipt of assets from the Stein Entities in the form of payments and other transfers which were the property of the Stein Entities or their other investors, and for which the Defendants did not adequately compensate the Stein Entities or provide value.

52. This enrichment occurred at the expense of the Stein Entities and, ultimately, at the expense of the Stein Entities' other investors.

53. Equity and good conscience require full restitution of the payments or other assets received by the Defendants that exceed their investments in the Stein Entities.

54. As a result of the foregoing, the Receiver, on behalf of the Receivership Estate, is entitled to compensatory damages in an amount to be determined at trial.

11

## TENTH CAUSE OF ACTION
## CONSTRUCTIVE TRUST

55. The Receiver incorporates the allegations contained in paragraphs 1 through 54 above as though fully set forth herein.

56. As detailed above, the assets of the Stein Entities have been wrongfully diverted as a result of fraudulent conveyances, conversions, and other wrongdoing resulting in the enrichment of the Defendants.

57. The Receiver has no adequate remedy at law.

58. As a result of the unjust enrichment of the Defendants, the Receiver is entitled to the imposition of a constructive trust on each Transfer as well as any profits received by the Defendants in the past or on a prospective basis in connection with the Transfers or the Stein Entities.

## ELEVENTH CAUSE OF ACTION
## ACCOUNTING

59. The Receiver incorporates the allegations contained in paragraphs 1 through 58 above as though fully set forth herein.

60. As detailed above, the assets of the Stein Entities have been wrongfully diverted as a result of fraudulent conveyances, conversions, and other wrongdoing resulting in the enrichment of the Defendants.

61. The Receiver has no adequate remedy at law.

62. To compensate the Stein Entities and their other investors for the assets diverted from them for the Defendants' benefit, it is necessary for each Defendant to provide an accounting of any transfer of funds, property or other assets received from the

Stein Entities as well as any profits received by the Defendants in the past or on a prospective basis in connection with the Transfers or the Stein Entities. On information and belief, complete information concerning the Transfers is within the Defendants' possession, custody and control.

### REQUEST FOR RELIEF

**WHEREFORE,** the Receiver respectfully requests that the Court enter judgment in favor of the Receiver and against the Defendants as follows:

(i)     On the First Cause of Action, pursuant to §§ 273, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers to the extent that they exceed the Defendants' investments; (b) directing that the Transfers be set aside to the extent that they exceed the Defendants' investments; and (c) recovering the Transfers to the extent that they exceed the Defendants' investments, or the value thereof, from the Defendants for the benefit of the Receivership Estate;

(ii)    On the Second Cause of Action, pursuant to §§ 274, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers to the extent that they exceed the Defendants' investments; (b) directing that the Transfers be set aside to the extent that they exceed the Defendants' investments; and (c) recovering the Transfers to the extent that they exceed the Defendants' investments, or the value thereof, from the Defendants for the benefit of the Receivership Estate;

(iii)   On the Third Cause of Action, pursuant to §§ 275, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers to the extent that they exceed the Defendants' investments; (b) directing that the Transfers be set aside

to the extent that they exceed the Defendants' investments; and (c) recovering the Transfers to the extent that they exceed the Defendants' investments, or the value thereof, from the Defendants for the benefit of the Receivership Estate;

(iv) On the Fourth Cause of Action, pursuant to §§ 276, 278 and 279 of the New York Debtor and Creditor Law, the Receiver is entitled to a judgment: (a) avoiding and preserving the Transfers to the extent that they exceed the Defendants' investments; (b) directing that the Transfers be set aside to the extent that they exceed the Defendants' investments; and (c) recovering the Transfers to the extent that they exceed the Defendants' investments, or the value thereof, from the Defendants for the benefit of the Receivership Estate;

(v) On the Fifth Cause of Action, pursuant to §§ 277, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers to the extent that they exceed the Defendants' investments; (b) directing that the Transfers be set aside to the extent that they exceed the Defendants' investments; and (c) recovering the Transfers to the extent that they exceed the Defendants' investments, or the value thereof, from the Defendants for the benefit of the Receivership Estate;

(vi) On the Sixth Cause of Action, pursuant to New York Civil Procedure Law and Rule 203(g) and §§ 276, 278 and 279 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers to the extent that they exceed the Defendants' investments; (b) directing that the Transfers be set aside to the extent that they exceed the Defendants' investments; and (c) recovering the Transfers to the extent that they exceed

the Defendants' investments, or the value thereof, from the Defendants for the benefit of the Receivership Estate;

(vii) On the Seventh Cause of Action, pursuant to § 278 of the New York Debtor and Creditor Law: (a) avoiding and preserving the Transfers to the extent that they exceed the Defendants' investments; (b) directing that the Transfers be set aside to the extent that they exceed the Defendants' investments; and (c) recovering the Transfers to the extent that they exceed the Defendants' investments, or the value thereof, from the Defendants for the benefit of the Receivership Estate;

(viii) On the Eighth Cause of Action, to the extent that the Transfers exceed the Defendants' investments, for compensatory damages for conversion in amounts to be determined at trial;

(ix) On the Ninth Cause of Action, to the extent that the Transfers exceed the Defendants' investments, for compensatory damages for unjust enrichment in an amount to be determined at trial;

(x) On the Tenth Cause of Action, to the extent that the Transfers exceed the Defendants' investments, for the imposition of a constructive trust on each Transfer and on any profits received by the Defendants in the past or on a prospective basis in connection with the Transfers or the Stein Entities;

(xi) On the Eleventh Cause of Action, for an accounting by each Defendant of any transfer of funds, property or other assets received from the Stein Entities as well as any profits received by the Defendants in the past or on a prospective basis in connection with the Transfers or the Stein Entities;

(xii)   Awarding the Receiver all applicable attorneys' fees, interest, costs and expenses for this action; and

(xiii)  Granting the Receiver such other, further and different relief as the Court finds just, proper and equitable.

ATTORNEY LIEN CLAIMED.

Respectfully submitted,

*/s/ Melvin R. McVay, Jr.*

Melvin R. McVay, Jr. (admitted *pro hac vice*)
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, Oklahoma  73102
Telephone:  (405) 235-4100
Facsimile:  (405) 235-4133
mrmcvay@phillipsmurrah.com

ATTORNEY FOR COURT-APPOINTED
RECEIVER H. THOMAS MORAN, II

Dated:  December 14, 2009

00440303.DOC