UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
[1] H. THOMAS MORAN, II, AS RECEIVER OF THE
ASSETS OF EDWARD T. STEIN; DISP, LLC;
EDWARD T. STEIN ASSOCIATES, LTD.; G&C
PARTNERSHIP JOINT VENTURE; GEMINI
FUND I, L.P.; PRIMA CAPITAL MANAGEMENT,
LLC; VIBRANT CAPITAL CORP.; and VIBRANT
CAPITAL FUNDING I LLC,

                    Plaintiffs,

        - against -

[1] MORTON GOLDFARB; [2] CHARLES SAN
FILLIPPO; [3] FRED KLEIN; [4] MARIAN KLEIN;
[5] PATRICK ROTH; [6] GWENDOLIN, INC. F/K/A
CHANGEBRIDGE CORPORATION; [7] VICTOR
NELSON; [8] ROBERT TUCCILLO; [9] SEYMORE
 "SY" SCHNEIDER;  [10] PETER VARIO; [11] NEIL RICK;
[12] JOHN LAVIANO; [13] ROBERT HOLBERT;
[14] JANET MULHALL; [15] BARRY T. ZEMAN;
[16] ANGELA ZEMAN; [17] JOSHUA ZEMAN;
[18] JOEL MARKS; [19] RUTH MARKS;
[20] MARVEL IMPORT INDUSTRIES, INC.,
RETIREMENT PLAN; [21] JOSEPH BURKE,
INDIVIDUALLY AND AS THE EXECUTOR OF
THE ESTATE OF JOSEPH M. BURKE, SR.;
[22] HARJINDER S. SIDHU; [23] HOTEL DES PAYS;
[24] JULES SIEBURGH; [25] YOUNG BIN CHOO;
[26] CHOO REVOCABLE TRUST; [27] CHANG
WOON HUH CHOO;  [28] DOMINIC MARSICOVETERE;
[29] HAROLD STERNFELD; [30] STUART NATTBOY;
[31] GLORIA NATTBOY, AS THE TRUSTEE OF
THE NATTBOY MARITAL TRUST; [32] MONA L.
SHAPIRO-ROGERS;  [33] CHRIS LOVITO;
[24] RK HILLYER, LLC; [35] ACCOMMODATIONS
IN NEW YORK, INC.; [36] 18TH CORP/KAZUKO
HILLYER; [37] RUTH MARKS FAMILY TRUST;
[38] JOAN ELLEN STEIN; [39] PHILIP UCHITEL;
[40] SUZANNE YOUNG, AS EXECUTOR OF THE
ESTATE OF ANDREW J. YOUNG; [41] IRWIN COHEN;
[42] VALLERIE HARRIS; [43] PHILIP HARRIS;
[44] PHILIP EDWARDS; [45] ELLEN EDWARDS;
[46] BRUCE ROSENZWEIG; [47] MICHAEL

Case No.
**09-cv-7667-RJS**

**AMENDED ANSWER
AND COUNTER
CLAIMS OF
DEFENDANT NEIL
RICK**

**JURY TRIAL
DEMANDED**

1

SANDLOFER; [48] CRIS READ A/K/A CRIS
STERNFELD; [49] BROOKE SIEGEL;
[50] IRENE BRANDES; [51] SCOTT EINIGER;
[52] MICHAEL POMERANTZ; [53] ARLENE
BERTINI; [54] MATTHEW CANNO TRUST;
[55] PAULA JENNINGS; [56] KEITH COHEN;
[57] PETER COSOLA; [58] FUNDSLOSO, INC.;
[59] PETER COSOLA, INC.; [60] JODY FAITELSON;
[61] STEPHEN KATZ; [62] GERDA MARX;
[63] CRAIG ROSENBERG;  [64] LAURA ROSENBERG;
[65] CATHERINE BRIENZA; [66] PATRICIA SINISTORE;
[67] DOMINICK VARIO; [68] DALE GLASS;
[69] FELIX DIMARTINO; [70] JOANN DIMARTINO;
[71] ROOFTOP, INC.; [72] MATHEW CANNO;
[73] JANICE ABERT; [74] JANICE ABERT DEFINED
BENEFIT PENSION PLAN; [75] WILLIAM AUCION;
[76] EDWARD HAMILTON; [77] AXEL VENTURES
DEFINED BENEFIT PENSION PLAN; [78] DAVID
CRANDALL; [79] ALEXANDER JEONG; [80] LAUREN
SEIGEL; [81] DOROTHY TALMADGE;
[82] EMANUEL TRESS; [83] WILLIAM
SINISTORE; [84] BOJACK CORPORATION;
[85] PATRICIA ROMANO; AND
[86] BARBARA K. WIENER,

Defendants.
------------------------------------------------------------------X

Defendant, NEIL RICK, by his attorneys, Campolo, Middleton & Associates, LLP, for his answer to the Amended Complaint (the "Complaint") alleges as follows:

1.       Paragraph 1 of the Complaint alleges plaintiffs' theory of the case for which no Response is required. To the extent that a response is deemed necessary, it is denied.

2.       Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 2 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 3 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 4 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 5 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 6 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

## THE PARTIES

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 7.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 8.

## JURISDICTION AND VENUE

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 9 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

10.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 10 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

**FIRST CAUSE OF ACTION**
**FRAUDULENT TRANSFERS**
**NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND 279**

11.    Defendant incorporates and realleges his answers to paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 12 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

13.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 13 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

14.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 14 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

15.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 15 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

## SECOND CAUSE OF ACTION
## FRAUDULENT TRANSFERS
## <u>NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND 279</u>

16.     Defendant incorporates and realleges his answers to paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 17.

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 18.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 19 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 20 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

## THIRD CAUSE OF ACTION
## FRAUDULENT TRANSFERS
## <u>NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND 279</u>

21.     Defendant incorporates and realleges his answers to paragraphs 1 through 20 of the Complaint as though fully set forth herein.

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 22.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 23.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 24 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 25 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

**FOURTH CAUSE OF ACTION**
**FRAUDULENT TRANSFERS**
**NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND 279**

26.     Defendant incorporates and realleges his answers to paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 27.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 28.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 29 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

**FIFTH CAUSE OF ACTION**
**FRAUDULENT TRANSFERS**
**NEW YORK DEBTOR AND CREDITOR LAW §§ 277, 278 AND 279**

30.     Defendant incorporates and realleges his answers to paragraphs 1 through 29 of the Complaint as though fully set forth herein.

31.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 31.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 32.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 33 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 34 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

**SIXTH CAUSE OF ACTION**
**UNDISCOVERED FRAUDULENT TRANSFERS**
**NEW YORK CIVIL PROCEDURE LAW AND RULES 203(g) AND**
**NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND 279**

35.     Defendant incorporates and realleges his answers to paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 36.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 37.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 38 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

39.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 39 and states to the extent the allegations therein set forth a conclusion of law, a response is not required.

## SEVENTH CAUSE OF ACTION
## RECOVERY OF SUBSEQUENT TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §278

40.     Defendant incorporates and realleges his answers to paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41.     Defendant avers that paragraph 41 of the Complaint states conclusions of law, for which no responsive pleading is required.

42.     Defendant denies the allegations of paragraph 42 of the Complaint as they relate to Mr. Rick.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 43 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 44 and states to the extent the allegations therein set forth a conclusion of law, a response is not required.

## EIGHTH CAUSE OF ACTION
## CONVERSION

45.     Defendant incorporates and realleges his answers to paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 46 and states to the extent the allegations therein set forth a conclusion of law, a response is not required.

47.     Defendant denies the allegations of paragraph 47 of the Complaint as they relate to Mr. Rick.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint paragraph 48 and states to the extent the allegations therein set forth a conclusion of law, a response is not required.

49.     Defendant avers that paragraph 49 of the Complaint states conclusions of law, for which no responsive pleading is required.


## NINTH CAUSE OF ACTION
## UNJUST ENRICHMENT

50.     Defendant incorporates and realleges his answers to paragraph 1 through 49 of the Complaint as though fully set forth herein.

51.     Defendant denies the allegations of paragraph 51 of the Complaint as they relate to Mr. Rick.

52.     Defendant denies the allegations of paragraph 52 of the Complaint as they relate to Mr. Rick.

53.     Defendant denies the allegations of paragraph 53 of the Complaint as they relate to Mr. Rick.

54.     Defendant avers that paragraph 54 of the Complaint states conclusions of law, for which no responsive pleading is required.

## TENTH CAUSE OF ACTION
## <u>CONSTRUCTIVE TRUST</u>

55.     Defendant incorporates and realleges his answers to paragraphs 1 through 54 of the Complaint as though fully set forth herein.

56.     Defendant denies the allegations of paragraph 56 of the Complaint as they relate to Mr. Rick.

57.     Defendant avers that paragraph 57 of the Complaint states conclusions of law, for which no responsive pleading is required.

58.     Defendant denies the allegations of paragraph 58 of the Complaint as they relate to Mr. Rick.


## ELEVENTH CAUSE OF ACTION
## <u>ACCOUNTING</u>

59.     Defendant incorporates and realleges his answers to paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60.     Defendant denies the allegations of paragraph 60 of the Complaint as they relate to Mr. Rick.

61.     Defendant avers that paragraph 61 of the Complaint states conclusions of law, for which no responsive pleading is required.

62.     Defendant denies the allegations of paragraph 62 of the Complaint as they relate to Mr. Rick.

## ANSWER TO SECOND AMENDED COMPLAINT

63. Defendant Neil Rick incorporates by reference his answers to the First Eleven Causes of Action, as those answers are asserted in paragraphs 1-62 above.

64. Defendant Neil Rick denies all of the allegations contained in paragraphs 1-64 of the Second Amended Complaint. To the extent those causes of action are not asserted against Mr. Rick, or contain conclusions of law, Mr. Rick avers that no responsive pleading is required.

### FIRST AFFIRMATIVE DEFENSE

65. The Complaint fails to state a claim against which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

66. Plaintiff's claim is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

67. The Complaint fails to plead fraud with the requisite particularity, and with the requisite verification.

### FOURTH AFFIRMATIVE DEFENSE

68. The Complaint fails to plead all elements of fraud.

### FIFTH AFFIRMATIVE DEFENSE

69. Section 274 of the New York Debtor-Creditor Law is inapplicable to Mr. Rick.

### SIXTH AFFIRMATIVE DEFENSE

70. Section 276 of the New York Debtor-Creditor Law is inapplicable to Mr. Rick.

## SEVENTH AFFIRMATIVE DEFENSE

71.    Section 278 of the New York Debtor-Creditor Law is inapplicable to Mr. Rick.

## EIGHTH AFFIRMATIVE DEFENSE

72.    Section 279 of the New York Debtor Creditor Law is inapplicable to Mr. Rick.

## NINTH AFFIRMATIVE DEFENSE

73.    Plaintiff lacks standing to sue Mr. Rick.

## TENTH AFFIRMATIVE DEFENSE

74.    The Complaint fails to plead any elements of common law conversion.

## ELEVENTH AFFIRMATIVE DEFENSE

75.    Plaintiff lacks standing to assert common law conversion against Mr. Rick.

## TWELFTH AFFIRMATIVE DEFENSE

76.    Plaintiff's claims are barred in whole or in part because Plaintiff's injuries, if any, were caused in whole or in part by acts or omissions of others.

## THIRTEENTH AFFIRMATIVE DEFENSE

77.    Plaintiff's claims are barred in whole or in part because Mr. Rick acted in good faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

78.    Plaintiff's claims are barred in whole or in part because the alleged conduct of Mr. Rick was not a proximate cause of the loss or damage, if any, to Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

79.    None of the Stein Entities, as defined in the Complaint, was insolvent at the time of the alleged partial return to Mr. Rick of his investment.

## SIXTEENTH AFFIRMATIVE DEFENSE

80.     The Complaint fails to describe the claims asserted against Mr. Rick with sufficient particularity to permit Mr. Rick to ascertain what other defenses may exist.  Mr. Rick reserves the right to assert all defenses, which may pertain to the Complaint, once the precise nature of such claims has been ascertained.

## SEVENTEENTH AFFIRMATIVE DEFENSE

81.     Any alleged distributions made by the Stein Entities to Mr. Rick were made in the ordinary course of business.

## EIGHTEENTH AFFIRMATIVE DEFENSE

82.      Any alleged distributions made by the Stein Entities to Mr. Rick were for reasonably equivalent value and/or were returns on Mr. Rick's principal.

## NINETEENTH AFFIRMATIVE DEFENSE

83.     Upon information and belief, the Receiver's fraudulent transfer claims fail as a matter of law because neither the Stein Entities, as defined in the Amended Complaint, nor Gemini Fund I, L.P., were operating as an entirely illegitimate enterprise or  "Ponzi Scheme" at the time of the alleged transfer(s) to Defendant Neil Rick.

## TWENTIETH AFFIRMATIVE DEFENSE

84.     The Plaintiff's claims are subject to set off.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

84.     Causes of Action 12-22 of the Second Amended Complaint are for fraudulent spousal transfers and/or only assert causes of action against Joan Ellen Stein, and as such, they are inapplicable to Mr. Rick.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

85.     The Plaintiff's claims are barred by the doctrines of *in pari delicto* and estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

86.     There can be no viable claim for unjust enrichment when there is an enforceable contract between the parties. If the Court determines that there was a binding and enforceable contract between Defendant and a Receivership Entity, the Receiver's claim for unjust enrichment is barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

87.     The Plaintiff's fraudulent transfer claims fail as a matter of law because the assets transferred were not the assets of the Debtor.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

88.     The Plaintiff's fraudulent transfer claims fail as a matter of law because neither the Receiver nor the Receivership Entities is a "creditor" for purposes of asserting such a claim. *See, e.g., Eberhard v. Marcu,* 530 F.3d 122, 129-134 (2d Cir. 2008) (holding that SEC Receiver had no standing to pursue fraudulent transfer claims since he was not a "creditor" of transferor so as to have been injured by the transfer).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

89.     The Plaintiff's cause of action for Unjust Enrichment fails as against Defendant Neil Rick because Mr. Rick gave adequate consideration for the benefit conferred. It is axiomatic that when adequate consideration has been provided in exchange for the benefit conferred, a claim of unjust enrichment fails. Similarly, fraudulent transfer claims fail when there has been an exchange of "reasonably equivalent value" and Mr. Rick submits that he was a good faith transferee who paid fair consideration and "reasonably equivalent value" for any alleged transfer.

14

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

90.     Plaintiff's claims against Defendant Neil Rick are barred by the doctrine of laches.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

91.     Plaintiff's claims against Defendant Neil Rick are barred by documentary evidence.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

92.     Plaintiff's claims against Defendant Neil Rick are barred by the Statute of Frauds.

## THIRTIETH AFFIRMATIVE DEFENSE

93.     Plaintiff's claims against Defendant Neil Rick are barred because of Plaintiff's failure to minimize or mitigate damages.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

94.     Plaintiff's claims against Defendant Neil Rick are barred because any distributions received by Neil Rick did not exceed his initial investment.

## AS A FIRST COUNTER CLAIM
### (Fraud)
### (Against Edward T. Stein and Gemini Fund I, L.P.; and Against H. Thomas Moran, II, as Receiver of the Assets of Edward T. Stein, and Gemini Fund I, L.P.)

### (The "First Counter Claim Defendants")

95.     Defendant Neil Rick repeats and realleges each and every denial, denial of information and affirmative defense contained above with the same force and effect as if herein set forth at length.

96.     The Receiver is the court appointed receiver of the assets of Edward T. Stein, DISP, LLC, Edward T. Stein Associates, LTD., G&C Partnership Joint Venture, Gemini Fund I,

L.P., Prima Capital Management, LLC, Vibrant Capital Corp., and Vibrant Capital Funding I LLC, (all such entities together hereinafter referred to as the "Stein Entities").  To the extent any counter claims contained in this entire Amended Answer and Counter Claims of Defendant Neil Rick are asserted against the H. Thomas Moran, II as receiver of the assets of Edward T. Stein and the Stein Entities, or any of such entities, such claims are against the Receiver as a nominal defendant and custodian of the assets of Edward T. Stein and the Stein Entities only, and not against the Receiver personally or for any act taken by the Receiver in the course of his receivership in this matter.

97.    Upon information and belief, in 1992, Edward T. Stein ("Stein") set up Gemini Fund I, L.P. ("Gemini") as an investment fund and began to market limited partnership interests in Gemini.  Over the life of the fund, Stein has moved more than $43 million through Gemini's bank account.

98.    Upon information and belief, on April 1, 2009, the Securities and Exchange Commission filed a complaint (the "SEC Complaint") against Stein and the Stein Entities alleging breaches of the Securities Act of 1933, breaches of Section 10(b) of the Securities and Exchange Act of 1934, and breaches of Section 206 of the Investment Advisors Act of 1940.[1]

99.    On April 14, 2009, Judge Lynch in the SEC case ordered the appointment of a receiver, the plaintiff in the instant action, to take custody of the assets of Stein and the Stein Entities.

100.    Stein controls all of the operations of each of the Stein Entities, either directly or through an entity he controls.  He is not currently registered with the SEC in any capacity.  Stein acted as an investment adviser to Gemini and DISP, LLC because, for compensation, he advised

---

[1] The SEC Complaint is found at *Securities and Exchange Commission v. Edward T. Stein et al*, 09-CV-3125-GEL

each entity as to the value of securities or as to the advisability of investing in, purchasing or selling securities.[2]

101.    As stated on page 2 of the SEC Complaint, "Stein solicited investments for his funds through material misrepresentations and omissions about his track record and investment objectives and has continued to deceive investors by producing statements reflecting healthy returns over the life of their investments."[3]

102.    Stein has continued to issue Gemini account statements which he knows, or is reckless in not knowing, reflect fictitious growth of their Gemini capital accounts over time.[4]

103.    Stein has commingled the funds of Gemini with the funds of the other entities he controlled, including Edward T. Stein Associates, LTD., Vibrant Capital Corp., and Prima Capital Management, LLC, transferring funds from one entity to another as needed or desired.[5]

104.    To the extent that Stein transferred client or investor funds to Edward T. Stein Associates, LTD., Prima Capital Management, LLC., Vibrant Capital Corp., Vibrant Capital Funding, LLC., and G&C Partnership Joint Venture, those entities received funds in which they had no legitimate interest, and for which they gave no fair consideration, and the SEC has demanded that those entities disgorge any such funds.[6]

105.    On June 22, 2009, Mr. Stein entered a guilty plea in the criminal case *USA v. Stein,* Case No. 1:09-cr-00377-JBW, to causes of action for securities fraud and wire fraud in the course of interrelated schemes to defraud investors in the Stein Entities.

---

[2] *Id.* at page 5.
[3] *Id.* at page 2.
[4] *Id.* at page 8.
[5] *Id.* at page 11.
[6] *Id.* at page 11-12.

106.    In or around 1998, Mr. Rick purchased limited partnership interests in Gemini through his agents at Professional Planning Services, LLC and Axa Advisors, LLC, both of whom acted as Mr. Rick's brokers, agents and investment advisers.

107.    Between approximately 1998 and 2008, the First Counter Claim Defendants mailed to either Defendant Neil Rick or Mr. Rick's investment advisors, account statements for Gemini Fund I, L.P., which contained false, fraudulent, and intentionally misleading information regarding the value of Mr. Rick's investment in Gemini.

108.    Upon information and belief, rather than investing all of the money shown on the fraudulent account statements, Stein took some of the money invested by various investors in Gemini Fund I, L.P., including Mr. Rick's money, and used it to pay his own personal expenses and to fund expenses incurred by Stein Associates, LTD and Prima Capital Management, LLC.

109.    Upon information and belief, the First Counter Claim Defendants knew or should have known that the information contained in the statements they sent or caused to be sent to Defendant Neil Rick and/or Mr. Rick's investment advisors was false, fraudulent and intentionally misleading.

110.    These aforementioned account statements and the false information they contained were material to the decision to invest Mr. Rick's money in and keep his money invested in Gemini Fund I, L.P.

111.    First Counter Claim Defendants created and sent or caused to be created and sent, these fictitious account statements with the intent to deceive Defendant Neil Rick and for the purpose of inducing Defendant Rick and/or his investment advisors to invest in and to keep Mr. Rick's money invested in Gemini Fund I, L.P.

112.    Defendant Neil Rick did in fact justifiably rely on the fictitious and fraudulent account statements created and sent or which were caused to be created and sent to him by First Counter Claim Defendants, by investing in and allowing his investment to remain in Gemini Fund I, L.P. between approximately 1998 to 2009.

113.    First Counter Claim Defendants thereby induced Defendant Neil Rick and/or his investment advisors to invest Mr. Rick's money in Gemini Fund I, L.P.  and keep Mr. Rick's money invested in Gemini Fund I, L.P.  for a period of approximately 11 years.

114.    As a direct and proximate result of the fraud committed by First Counter Claim Defendants, Defendant Neil Rick has been damaged in an amount to be determined at trial, plus attorneys' fees and costs.

### AS A SECOND COUNTER CLAIM
**(Aiding and Abetting Fraud)**

**(Against Edward T. Stein, DISP, LLC, Edward T. Stein Associates, LTD., G&C Partnership Joint Venture, Gemini Fund I, L.P., Prima Capital Management, LLC, Vibrant Capital Corp., and Vibrant Capital Funding I LLC)**

**(And Against H. Thomas Moran, II, as Receiver of the Assets of Edward T. Stein, DISP, LLC, Edward T. Stein Associates, LTD., G&C Partnership Joint Venture, Gemini Fund I, L.P., Prima Capital Management, LLC, Vibrant Capital Corp., and Vibrant Capital Funding I LLC)**

**(The "Second Counter Claim Defendants")**

115.    Defendant Neil Rick repeats and realleges the allegations contained in paragraphs 94 through 114 above, and each and every denial, denial of information and affirmative defense contained above with the same force and effect as if herein set forth at length.

116.    In or around 1998, Mr. Rick purchased limited partnership interests in Gemini through his agents at Professional Planning Services, LLC and Axa Advisors, LLC, both of whom acted as Mr. Rick's brokers, agents and investment advisers.

117.    As more fully set forth above, the First Counter Claim Defendants knowingly created and sent or caused to be created and sent to Defendant Neil Rick 's agents, brokers and investment advisors, fraudulent account statements containing intentionally false and misleading information about the amount and value of his investment on a quarterly basis for approximately 11 years.   The First Counter Claim Defendants, created and sent these fraudulent, intentionally false and misleading account statements, or caused such statements to be created and sent to Defendant Neil Rick's agents, brokers and investment advisers with the intent to defraud Mr. Rick, and Mr. Rick, through his agents, reasonably and justifiably relied on these misrepresentations and omissions to his detriment, as alleged above.

118.    Upon information and belief, Stein took money invested by various investors in Gemini Fund I, L.P., including Mr. Rick's money, and transferred that money to and between the other Stein Entities, giving each Stein Entity, knowledge of the scheme to defraud Mr. Rick.

119.    Each of the Second Counter Claim Defendants is or was controlled by Stein personally and each of the Second Counter Claim Defendants had actual knowledge of the fraud because they were each controlled by Stein, who himself committed or caused the Stein Entities to commit the fraud.

120.    Each of the Stein Entities aided and abetted and knowingly gave substantial assistance and or encouragement to the commission of the acts alleged herein by knowingly allowing Mr. Rick's funds to be transferred between them, creating the illusion of legitimacy of Stein's activities and allowing Stein to perpetuate his fraud against Mr. Rick.

121.     Upon information and belief, Edward T. Stein Associates, LTD, Vibrant Capital Corp. and  Prima Capital Management, LLC knowingly and wrongfully received Mr. Rick's

money originally invested into Gemini Fund, I, L.P., and used that money to pay their expenses, unrelated to a legitimate investment.

122.   Upon information and belief, Edward T. Stein Associates, LTD, Vibrant Capital Corp, and Prima Capital Management, provided this substantial assistance to Stein and the Stein Entities by paying their expenses with Mr. Rick's money and allowing Mr. Rick's money to be transferred between them.

123.   As a proximate result of this wrongful conduct, Mr. Rick has been damaged in an amount to be proven at trial, plus attorneys' fees and costs.

## AS A THIRD COUNTER CLAIM
**(Breach of Fiduciary Duty)**
**(Against Edward T. Stein and Gemini Fund I, L.P.; and Against H. Thomas Moran, II, as Receiver of the Assets of Edward T. Stein, and Gemini Fund I, L.P.**

**(The "Third Counter Claim Defendants")**

124.   Defendant Neil Rick repeats and realleges the allegations contained in paragraphs 95 through 123 above, and each and every denial, denial of information and affirmative defense contained above with the same force and effect as if herein set forth at length.

125.   In or around 1998, Mr. Rick purchased limited partnership interests in Gemini through his agents at Professional Planning Services, LLC and Axa Advisors, LLC, both of whom acted as Mr. Rick's brokers and investment advisers.

126.   At all times, Gemini's assets were managed by Stein as its General Partner.

127.   As the managing partner of Gemini Fund I, L.P., both Stein and Gemini owed fiduciary duties of loyalty, care, good faith, and fair dealing to Mr. Rick, who was an investor and owner of limited partnership interests in Gemini Fund I, L.P.

128.    Through the misrepresentations and omissions Stein and Gemini made to Gemini investors, including Mr. Rick, Stein and Gemini breached their fiduciary duties to act in the best interests of Mr. Rick and the other Gemini investors.[7]

129.    Mr. Rick relied on the superior knowledge and specialized expertise possessed by Stein and Gemini in entrusting his money to Stein and Gemini.

130.    Upon information and belief, the Third Counter Claim Defendants breached their fiduciary duties to Mr. Rick by intentionally creating and providing Mr. Rick's agents, brokers and investment advisers with account statements which contained false, fraudulent, and intentionally misleading information about the amount and value of Mr. Rick's investment in Gemini.

131.    Upon further information and belief, the Third Counter Claim Defendants breached their fiduciary duties to Mr. Rick by intentionally failing to disclose to Mr. Rick and/or his agents, brokers and investment advisors, that some of Mr. Rick's money that was  invested in Gemini Fund I, L.P. would be used and was used to pay Stein's personal expenses and the expenses of other Stein Entities, including those of Edward T. Stein Associates, LTD, Vibrant Capital Corp. and Prima Capital Management, LLC, and would be transferred and were transferred to other Stein Entities for purposes that were not in the best interests of Mr. Rick.

132.    As a proximate result of the Third Counter Claim Defendants' breaches of fiduciary duty owed to Mr. Rick, Mr. Rick has suffered damage in an amount to be determined at trial, plus attorneys' fees and costs.

---

[7] *See Complaint in Securities and Exchange Commission v. Edward T. Stein et al*, 09-CV-3125-GEL, page 7 (S.D.N.Y.,filed April 1, 2009).

## AS A FOURTH COUNTER CLAIM
### (Aiding and Abetting Breach of Fiduciary Duty)

**(Against Edward T. Stein DISP, LLC, Edward T. Stein Associates, LTD., G&C Partnership Joint Venture, Gemini Fund I, L.P., Prima Capital Management, LLC, Vibrant Capital Corp., and Vibrant Capital Funding I LLC;)**

**(And Against H. Thomas Moran, II, as Receiver of the Assets of Edward T. Stein, DISP, LLC, Edward T. Stein Associates, LTD., G&C Partnership Joint Venture, Gemini Fund I, L.P., Prima Capital Management, LLC, Vibrant Capital Corp., and Vibrant Capital Funding I LLC)**

**(The "Fourth Counter Claim Defendants")**

133.    Defendant Neil Rick repeats and realleges the allegations contained in paragraphs 95 through 132 above, and each and every denial, denial of information and affirmative defense contained above with the same force and effect as if herein set forth at length.

134.    As more fully alleged above, Stein and Gemini owed fiduciary duties to Mr. Rick and breached their fiduciary duties owed to Mr. Rick.

135.    Each of the Fourth Counter Claim Defendants is or was controlled by Stein personally and each of the Fourth Counter Claim Defendants had actual knowledge of the fraud because they were each controlled by Stein, who himself committed or caused the Stein Entities to commit the fraud.

136.    The Fourth Counter Claim Defendants aided and abetted and, with actual knowledge of the breach of fiduciary duty, gave substantial assistance and or encouragement to the commission of the breaches of fiduciary duty committed by Stein and Gemini Fund I, L.P. by knowingly allowing Mr. Rick's funds to be transferred between the Fourth Counter Claim Defendants and by knowingly using at least some of Mr. Rick's money to pay their own expenses which they knew were not legitimate investments authorized by Mr. Rick or his agents, brokers and investment advisors.

137. Edward T. Stein Associates, LTD, Vibrant Capital Corp., and Prima Capital Management, each knowingly aided and abetted and gave substantial assistance to the breaches of fiduciary duty committed by Stein and Gemini against Mr. Rick, by receiving money which they knew Mr. Rick had invested in Gemini Fund I, L.P., and by using that money to pay their expenses.

138. As a proximate result of the Fourth Counter Claim Defendants' knowing aiding and abetting of the breaches of fiduciary duty owed to Mr. Rick, Mr. Rick has suffered damage in an amount to be determined at trial, plus attorneys' fees and costs.

## AS A FIFTH COUNTER CLAIM
### (Conversion)

**(Against Edward T. Stein DISP, LLC, Edward T. Stein Associates, LTD., G&C Partnership Joint Venture, Gemini Fund I, L.P., Prima Capital Management, LLC, Vibrant Capital Corp., and Vibrant Capital Funding I LLC)**

**(And Against H. Thomas Moran, II, as Receiver of the Assets of Edward T. Stein, DISP, LLC, Edward T. Stein Associates, LTD., G&C Partnership Joint Venture, Gemini Fund I, L.P., Prima Capital Management, LLC, Vibrant Capital Corp., and Vibrant Capital Funding I LLC)**

**(The "Fifth Counter Claim Defendants")**

139. Defendant Neil Rick repeats and realleges the allegations contained in paragraphs 95 through 138 above, and each and every denial, denial of information and affirmative defense contained above with the same force and effect as if herein set forth at length.

140. Upon information and belief, all Fifth Counter Claim Defendants received large amounts of money either directly by investment from Mr. Rick or as transferred from Stein or Gemini to the other Fifth Counter Claim Defendants.

141. In or about 1998 Defendant Neil Rick invested money with Stein and Gemini through his agents, brokers and investment advisors at Professional Planning Services, LLC and

Axa Advisors, LLC, for the particular purpose of engaging in legitimate investments by purchasing limited partnership interests from an enterprise engaged in lawful business activities.

142.    Stein, Gemini and the other Fifth Counter Claim Defendants used Mr. Rick's money for unauthorized purposes.

143.    Upon information and belief, beginning in May 2008 and continuing into March 2009, Stein, through each of the Stein Entities, took money which investors, including Neil Rick, had invested in and entrusted to Stein and Gemini, and which was transferred between the other Stein Entities, and converted that money to Stein's own purposes and for the purposes of the other Stein Entities unrelated to any legitimate investments, including Stein's purchase of a million dollar Manhattan condominium for himself.[8]

144.    As a direct and proximate result of the unlawful actions of Stein, Gemini, and the other Fifth Counter Claim Defendants alleged herein, Mr. Rick has suffered damage in an amount to be determined at trial, plus attorneys' fees and costs.

## AS A SIXTH COUNTER CLAIM
### (Contribution and/or Indemnification)

**(Against Edward T. Stein DISP, LLC, Edward T. Stein Associates, LTD., G&C Partnership Joint Venture, Gemini Fund I, L.P., Prima Capital Management, LLC, Vibrant Capital Corp., and Vibrant Capital Funding I LLC;)**

**(And Against H. Thomas Moran, II, as Receiver of the Assets of Edward T. Stein, DISP, LLC, Edward T. Stein Associates, LTD., G&C Partnership Joint Venture, Gemini Fund I, L.P., Prima Capital Management, LLC, Vibrant Capital Corp., and Vibrant Capital Funding I LLC)**

**(The "Sixth Counter Claim Defendants")**

---

[8] *See Complaint in Securities and Exchange Commission v. Edward T. Stein et al*, 09-CV-3125-GEL, page 2 (S.D.N.Y.,filed April 1, 2009).

145.     Defendant Neil Rick repeats and realleges the allegations contained in paragraphs 95 through 144 above, and each and every denial, denial of information and affirmative defense contained above with the same force and effect as if herein set forth at length.

146.     Defendant Neil Rick hereby asserts that if any liability from damages as alleged in the Complaint against Mr. Rick is adjudged against and imposed upon Mr. Rick, which liability is specifically denied, Mr. Rick is entitled to full indemnity and/or contribution from the Sixth Counter Claim Defendants.

147.     If Plaintiff Receiver or those the Receiver represents were caused to sustain damages as set forth in Plaintiff's Complaint, said damages were sustained solely due to the carelessness, recklessness and/or negligence, breach of contract, breach of warranty and/or breach of fiduciary duty, fraud and/or unlawful conduct of the Sixth Counter Claim Defendants.

148.     Therefore, if any judgment is recovered by Plaintiff Receiver against Defendant Neil Rick, Neil Rick demands judgment against the Sixth Counter Claim Defendants for contribution in the amount for which any damage is recovered or attributable to the conduct of the Sixth Counter Claim Defendants.

149.     Nothing contained herein shall be construed as a waiver of any jurisdictional defense or any other defense.

## **JURY DEMAND**

Mr. Rick demands a jury trial with respect to all claims to which he is entitled.

**WHEREFORE**, defendant NEIL RICK demands judgment be entered as follows:

1.     That the Complaint be dismissed against Mr. Rick in its entirety, and that Mr. Rick be awarded costs and disbursements of this action, including reasonable attorney's fees, together with such other relief as the Court deems just and proper.

2.     On Defendant Neil Rick's first counter claim, in an amount to be determined at trial;

3.     on Defendant Neil Rick's second counter claim, in an amount to be determined at trial;

4.     on Defendant Neil Rick's third counter claim, in an amount to be determined at trial;

5.     on Defendant Neil Rick's fourth counter claim, in an amount to be determined at trial;

6.     on Defendant Neil Rick's fifth counter claim, in an amount to be determined at trial;

7.     on Defendant Neil Rick's sixth counter claim, in an amount to be determined at trial;

8.     plus accrued interest, costs, reasonable attorney's fees and any other relief as the Court may deem just and equitable.

Dated:        Bohemia, New York
              June 18, 2010

                                        **CAMPOLO, MIDDLETON**
                                        **& ASSOCIATES, LLP**

                                        By:  */s/ Joseph N. Campolo*
                                        Joseph N. Campolo, Esq.
                                        *Attorneys for Defendant Neil Rick*
                                        3340 Veterans Memorial Highway
                                        Suite 400
                                        Bohemia, NY  11716
                                        Telephone: (631) 738-9100
                                        Facsimile:  (631) 738-0659