UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
H. THOMAS MORAN II, AS RECEIVER OF :
THE ASSETS OF EDWARD T. STEIN; DISP, :
LLC, EDWARD T. STEIN ASSOCIATES, LTD,:
G&C PARTNERSHIP JOINT VENTURES; :
GEMINI FUND, I, L.P.; PRIMA CAPITAL :
MANAGEMENT, LLC; VIBRANT CAPITAL :
CORP; and VIBRANT CAPITAL FUNDING , :
I LLC : Civil Action No.: 09-7667
    :
                     Plaintiff, :
    :
   -against- : **ANSWER**
    :
MORTON GOLDFARB, CHARLES SAN :
FILLIPO, FRED KLINE, MARIAN KLEIN, :
PATRICK ROTH, GWENDOLIN, INC F/K/A :
CHANGEBRIDGE CORPORATION, VICTOR :
NELSON, ROBERT TUCCILLO, SEYMORE :
"SY" SCHNEIDER, PETER VARIO, NEIL :
RICK, JOHN LAVIANO, ROBERT HOLBERT,:
JANET MULHALL, BARRY T. ZEMAN, :
ANGELA ZEMAN, JOSHUA ZEMAN, JOEL :
MARKS, RUTH MARKS, MARVEL IMPORT :
INDUSTRIES, INC, RETIREMENT PLAN, :
JOSEPH BURKE, INDIVIDUALLY AND AS :
THE EXECUTOR OF THE ESTATE OF :
JOSEPH M. BURKE SR, HARJINDER S. :
SIDHU, HOTEL DES PAYS, JULES SIEBURG :
YOUNG BIN CHOO, CHOO REVOCABLE :
TRUST, CHANG WOON HUH CHOO, :
DOMINIC MARISCOVETRE, HAROLD :
STERNFELD, STUART NATTBOY, GLORIA :
NATTBOY, AS THE TRUSTEE OF THE :
NATTBOYMARITAL TRUST, MONA L. :
SHAPIRO-ROGERS, CHRIS LOVITO, RK :
HILLYER, LLC, ACCOMODTIONS IN NEW :
YORK, INC, 18TH CORP/KAZUKO HILLYER, :
RUTH MARKS FAMILY TRUST, JOAN :
ELLEN STEIN, PHILLIP UCHITEL, :
SUZANNE YOUNG, AS EXECUTOR OF THE :
ESTATE OF ANDREW J. YOUNG, IRWIN :
COHEN, VALLERIE HARRIS, PHILLIP :

| | |
|---|---|
| EDWARDS, ELLEN EDWARDS, BRUCE ROSENZWEIG, MICHAEL SANDLOFFER, CHRIS READ A/K/A CHRIS STERNFELD, BROOKLE SIEGEL, IRENE BRANDES, SCOTT EINIGER, MICHAEL POMERANTZ ARLENE BERTINI, MATTHEW CANNO TRUST, PAULA JENNINGS, KEITH COHEN PETER COSOLA, FUNDSLOSO, INC, PETER COSOLA, INC, JODY FAITELSON, STEPHEN KATZ, GERDA MARX, CRAIG ROSENBERG, LAURA ROSENBERG, CATHERINE BRIENZA, PATRICIA SINISTORE, DOMINICK VARIO, DALE GLASS, FELIX DIMARTINO, JOANN DIMARTINO, ROOFTOP, INC., MATTHEW CANNO, JANICE ABERT, JANICE ABERT DEFINED BENEFIT PENSION PLAN, WILLIAM AUCION, EDWARD HAMILTON, AXEL VENTURES DEFINED BENEFIT PENSION PLAN, DAVID CRANDALL, ALEXANDER JEONG, LAUREN SIEGEL, DOROTHY ALMADGE, EMANUEL TREES, WILLIAM SINISTORE, BOJACK CORP., PATRICIA ROMANO AND BARBARA K. WEINER | : : : : : : : : : : : : : : : : : : : : : : : : |
| **Defendants.** | : |

-----------------------------------------------------------X

The defendants Paula Jennings and Keith Cohen by and through their attorneys, Nesenoff & Miltenberg, LLP, answers the Amended Complaint ("Complaint") of the plaintiffs as follows:

### NATURE OF THE PROCEEDINGS

1. Paragraph 1 alleges a theory of the case for which not legal response is required. To the extent that a response is deemed necessary, Defendants deny the allegations set forth therein.

2. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 2.

2

3. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 3.

4. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 4.

5. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 5.

6. Deny the allegations contained in ¶ 6 as to Defendants. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 6 as to all other defendants. To the extent that ¶ 6 sets forth a legal conclusion, no response is necessary, but to the extent that a response is deemed necessary, Defendants deny the allegations set forth therein.

## THE PARTIES

7. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 7.

8. Deny the allegations contained in ¶ 8 as to Defendants. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 8 as to all other defendants.

## JURISDICTION AND VENUE

9. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 9 and to the extent that the allegations set forth a legal conclusion, no response is required.

10. Paragraph 10 sets forth legal conclusions as to which no responsive pleading is required.

## FIRST CAUSE OF ACTION
## FRAUDULENT TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND 279

11. Defendants incorporate and reallege their answers to ¶¶ 1 through 10 as if fully set forth herein.

12. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 12.

13. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 13.

14. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 14.

15. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 15, and to the extent that the allegations set forth a conclusion of law, no response is required.

## SECOND CAUSE OF ACTION
## FRAUDULENT TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND 279

16. Defendants incorporate and reallege their answers to ¶¶ 1 through 15 as if fully set forth herein.

17. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 17.

18. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 18.

19. Deny knowledge and information sufficient to form a belief as to the truth of the

matters alleged in ¶ 19.

20. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 20, and to the extent that the allegations set forth a legal conclusion, no response is required.

### THIRD CAUSE OF ACTION
### FRAUDULENT TRANSFERS
### NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND 279

21. Defendants incorporate and reallege their answers to ¶¶ 1 through 20 as if fully set forth herein.

22. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 22.

23. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 23.

24. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 24.

25. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 25, and to the extent that the allegations set forth a legal conclusion, no response is required.

### FOURTH CAUSE OF ACTION
### FRAUDULENT TRANSFERS
### NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND 279

26. Defendants incorporate and reallege their answers to ¶¶ 1 through 25 as if fully set forth herein.

27. Deny knowledge and information sufficient to form a belief as to the truth of the

matters alleged in ¶ 19.

20. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 20, and to the extent that the allegations set forth a legal conclusion, no response is required.

### THIRD CAUSE OF ACTION
### FRAUDULENT TRANSFERS
### NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND 279

21. Defendants incorporate and reallege their answers to ¶¶ 1 through 20 as if fully set forth herein.

22. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 22.

23. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 23.

24. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 24.

25. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 25, and to the extent that the allegations set forth a legal conclusion, no response is required.

### FOURTH CAUSE OF ACTION
### FRAUDULENT TRANSFERS
### NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND 279

26. Defendants incorporate and reallege their answers to ¶¶ 1 through 25 as if fully set forth herein.

27. Deny knowledge and information sufficient to form a belief as to the truth of the

matters alleged in ¶ 27.

28. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 28.

29. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 29, and to the extent that the allegations set forth a legal conclusion, no response is required.

## FIFTH CAUSE OF ACTION
## FRAUDULENT TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND 279

30. Defendants incorporate and reallege their answers to ¶¶ 1 through 29 as if fully set forth herein.

31. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 31.

32. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 32.

33. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 33.

34. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 34, and to the extent that the allegations set forth a legal conclusion, no response is required.

## SIXTH CAUSE OF ACTION
## UNDISCOVERED FRAUDULENT TRANSFERS
## NEW YORK CIVIL PROCEDURE LAW AND RULES 203(g) AND
## NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND 279

35. Defendants incorporate and reallege their answers to ¶¶ 1 through 35 as if fully set forth herein.

36. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 36.

37. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 37.

38. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 38.

39. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 39, and to the extent that the allegations set forth a legal conclusion, no response is required.

## SEVENTH CAUSE OF ACTION
## RECOVERY OF SUBSEQUENT TRANSFERS
## NEW YORK DEBTOR AND CREDITOR LAW § 278

40. Defendants incorporate and reallege their answers to ¶¶ 1 through 39 as if fully set forth herein.

41. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 41, and to the extent that the allegations set forth a legal conclusion, no response is required.

42. Deny knowledge and information sufficient to form a belief as to the truth of the

matters alleged in ¶ 42.

43. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 43.

44. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 44, and to the extent that the allegations set forth a legal conclusion, no response is required.

### EIGHTH CAUSE OF ACTION
### CONVERSION

45. Defendants incorporate and reallege their answers to ¶¶ 1 through 44 as if fully set forth herein.

46. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 46, and to the extent that the allegations set forth a legal conclusion, no response is required.

47. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 47, and to the extent that the allegations set forth a legal conclusion, no response is required.

48. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 48.

49. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 49, and to the extent that the allegations set forth a legal conclusion, no response is required.

### NINTH CAUSE OF ACTION
### UNJUST ENRICHMENT

50. Defendants incorporate and reallege their answers to ¶¶ 1 through 49 as if fully set forth herein.

51. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 51.

52. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 52, and to the extent that the allegations set forth a legal conclusion, no response is required.

53. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 53, and to the extent that the allegations set forth conclusions of law, no response is required.

54. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 54, and to the extent that the allegations set forth of a legal conclusion, no response is required.

### TENTH CAUSE OF ACTION
### UNJUST ENRICHMENT

55. Defendants incorporate and reallege their answers to ¶¶ 1 through 54 as if fully set forth herein.

56. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 56, and to the extent that the allegations set forth a legal conclusion, no response is required.

57. Paragraph 57 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 57.

58. Paragraph 58 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 58.

### ELEVENTH CAUSE OF ACTION
### UNJUST ENRICHMENT

59. Defendants incorporate and reallege their answers to ¶¶ 1 through 59 as if fully set forth herein.

60. Deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 60, and to the extent that the allegations set forth a legal conclusion, no response is required.

61. Paragraph 61 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 61.

62. Paragraph 62 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the matters alleged in ¶ 62.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64. The claims in the Complaint are barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65. The claims in the Complaint are barred in whole or in part because the damages alleged therein were caused by the act or omissions of others.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66. The claims in the Complaint must fail because neither the DISP, LLC nor Gemini Fund I, LLC were insolvent at the time of, or rendered insolvent by, transfers to Defendants.

**WHEREFORE**, Defendants demand that the Complaint be dismissed insofar as asserted against them in its entirety, and that Defendants be awarded reasonable attorney fees, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 16, 2010

NESENOFF & MILTENBERG, LLP
**Attorneys for Defendants**
**Paula Jennings and Keith Cohen**

By: _/s/_
Andrew T. Miltenberg, Esq. (AM-7006)
Laine A. Armstrong (LA-3923)
363 Seventh Avenue, 5th Floor
New York, New York 10001
(212) 736-4500
