**MEMO ENDORSED**

**EPSTEIN BECKER & GREEN, P.C.**
ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.878.8600
WWW.EBGLAW.COM

KENNETH J. KELLY
TEL: 212.351.4606
FAX: 212.878.8606
KKELLY@EBGLAW.COM

August 27, 2010

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/10
```

**VIA EMAIL**

Hon. Richard J. Sullivan
United States District Judge
United States Courthouse
500 Pearl Street
Room 615
New York, NY 10007

Re: H. Thomas Moran, II, et al. v. Morton Goldfarb, et al.
Neil Rick v. Lawrence Passaretti, et al.
09 CV 7667 (RJS)

Dear Judge Sullivan:

Our firm represents third-party defendants AXA Advisors, LLC and AXA Equitable Financial Services, LLC (collectively, "AXA").

We have received the letter dated August 24, 2010 from Joel S. Forman, counsel for third-party defendants Passaretti, Benevento and Professional Planning Services, LLC, requesting a pre-motion conference. AXA joins in that request for the reasons stated in Mr. Forman's letter.

As Mr. Forman states, none of the various accounts that Mr. Rick opened with AXA's predecessor was discretionary, and there cannot be any claim against AXA for breach of fiduciary duty or aiding and abetting such alleged breaches by the individual brokers. DeBasio v. Merrill Lynch & Co., 2009 WL 2242 605 (S.D.N.Y. July 27, 2009). Also, since the amended third-party complaint alleges on its face that Mr. Rick's investment in the Gemini Fund occurred in February 1997 (¶ 5), all of the claims are time-barred.

The third-party complaint repeatedly alleges in conclusionary fashion that Mr. Rick invested in the Gemini Fund "though, on behalf of, or with authority from AXA" and that AXA was the "record keeper" of his account. To the contrary, documentary evidence as to such record-keeping shows that Mr. Rick invested directly with the Gemini Fund and that the statements of his account with Gemini were prepared by and sent to him directly by Gemini.

ATLANTA • BOSTON • CHICAGO • HOUSTON • LOS ANGELES • MIAMI
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, DC

NY:4512917v1

EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

Hon. Richard J. Sullivan
August 27, 2010
Page 2

Accordingly, there is no plausible basis for the vague and generalized allegation that AXA received "fees, commissions and other pecuniary benefits at the expense of Mr. Rick" regarding his Gemini account. (See ¶ 79.) "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Achtman v. Kirby, McInereny & Squire, LLP*, 464 F. 3d 328, 337 (2d Cir. 2006). Mr. Rick's claim against AXA for unjust enrichment should be dismissed because AXA did not benefit from his investment elsewhere.

I understand that the Court has scheduled a conference for 9:15 A.M. on September 1, 2010 as a result of Mr. Forman's request. I ask the Court's permission to attend and participate in that conference.

Very truly yours,

Kenneth J. Kelly

KJK:cc
cc: Joseph N. Campolo, Esq. (by email)
Richard W. Gonnello, Esq. (by email)
Joel S. Forman, Esq. (by email)

> This request is GRANTED. Third-Party Defendants AXA shall appear at the pre-motion conference on September 1, 2010 at 9:15 a.m. in Courtroom 21C. Additionally, the Court amends its August 24, 2010 Order so that Third-Party Plaintiff may submit one letter, by no later than August 30, 2010, in response to both this pre-motion letter and the pre-motion letter submitted on August 24, 2010.

SO ORDERED.
Date: 8/27/10
RICHARD J. SULLIVAN
U.S.D.J.

NY:4512917v1