UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
H. THOMAS MORAN, II, AS RECEIVER OF     )
THE ASSETS OF EDWARD T. STEIN, et al.,  )
                                        )
            Plaintiffs                  )     Civil Action No. 09-cv-7667-RJS
                                        )
    v.                                  )     **ANSWER TO**
                                        )     **AMENDED COMPLAINT**
MORTON GOLDFARB, et al.                 )
                                        )
            Defendants                  )
_____)

   Defendants, Matthew Canno and the Matthew Canno Trust, by their attorneys, answer the Amended Complaint (the "Complaint") as follows:

   1. Paragraph 1 of the Complaint alleges plaintiffs' theory of the case for which no Response is required. To the extent that a response is deemed necessary, it is denied.

   2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶2 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

   3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶3 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

   4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶4 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

   5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶5 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶6 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶7.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶8.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶9 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶10 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶11 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶12.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶13.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶14.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶15 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶16 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶17 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶18 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶19.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶20 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶21.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶22 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶23 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶24.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶25 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶26 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶27 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶28 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶29 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶30 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶31 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶32 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶33 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶34 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶35 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶36.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶37.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶38.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶39 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶40 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶41 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶42 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶43.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶44 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶45 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶46.

47. Defendants deny the truth of the matters alleged in Complaint ¶47.

48. Defendants deny the truth of the matters alleged in Complaint ¶48.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶49 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶50 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

51. Defendants deny the truth of the matters alleged in Complaint ¶51.

52. Defendants deny the truth of the matters alleged in Complaint ¶52.

53. Defendants deny the truth of the matters alleged in Complaint ¶53.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶54 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶55 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶56 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

57. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶57 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

58. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶58 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶59 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶60 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶61 and states to the extent the allegations therein set forth a conclusion of law a response is not required.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Complaint ¶62.

## FIRST AFFIRMATIVE DEFENSE

63. The Complaint fails to state a claim against which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

65. The Complaint fails to plead fraud with the requisite particularity, and with the requisite verification.

### FOURTH AFFIRMATIVE DEFENSE

66. The Complaint fails to plead all elements of fraud.

### FIFTH AFFIRMATIVE DEFENSE

67. Sections 273 and 274 of the New York Debtor-Creditor Law is inapplicable to Answering Defendants.

### SIXTH AFFIRMATIVE DEFENSE

68. Section 276 of the New York Debtor-Creditor Law is inapplicable to Answering Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

69. Section 278 of the New York Debtor-Creditor Law is inapplicable to Answering Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

70. Section 279 of the New York Debtor Creditor Law is inapplicable to Answering Defendants.

### NINTH AFFIRMATIVE DEFENSE

71. Plaintiff lacks standing to sue Answering Defendants.

### TENTH AFFIRMATIVE DEFENSE

72. The Complaint fails to plead any elements of common law conversion.

### ELEVENTH AFFIRMATIVE DEFENSE

73. Plaintiff lacks standing to assert common law conversion against Answering Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred in whole or in part because Plaintiff's injuries, if any, were caused in whole or in part by acts or omissions of others.

### THIRTEENTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred in whole or in part because Answering Defendants acted in good faith, without knowledge of any impropriety or wrongdoing, and their conduct was not negligent in any way.

### FOURTEENTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred in whole or in part because the alleged conduct of Answering Defendants was not a proximate cause of the loss or damage, if any, to Plaintiff or to other investors in the Stein Entities.

### FIFTEENTH AFFIRMATIVE DEFENSE

77. None of the Stein Entities, as defined in the Complaint, were insolvent at the time of the alleged partial return to Defendants of their investment.

### SIXTEENTH AFFIRMATIVE DEFENSE

78. The Complaint fails to describe the claims asserted against Answering Defendants with sufficient particularity to permit them to ascertain what other defenses may exist. Defendants reserve the right to assert all defenses, which may pertain to the Complaint, once the precise nature of such claims has been ascertained.

### SEVENTEENTH AFFIRMATIVE DEFENSE

79. Any alleged distributions made by the Stein Entities to Answering Defendants were made in the ordinary course of business.

### EIGHTEENTH AFFIRMATIVE DEFENSE

80. Any alleged distributions made by the Stein Entities to Answering Defendants were for reasonably equivalent value and/or were returns on Defendants' principal.

### NINETEENTH AFFIRMATIVE DEFENSE

81. Upon information and belief, the Receiver's fraudulent transfer claims fail as a matter of law because neither the Stein Entities, as defined in the Amended Complaint, nor Gemini Fund I, L.P., were operating as an entirely illegitimate enterprise or "Ponzi Scheme" at the time of the alleged transfer(s) to Answering Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

82. The Plaintiff's claims are subject to set off.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

83. Causes of Action 12-22 of the Second Amended Complaint are for fraudulent spousal transfers only assert causes of action against Joan Ellen Stein, and as such, they are inapplicable to Answering Defendants.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

84. The Plaintiff's claims are barred by the doctrines of *in pari delicto* and estoppel.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

85. There can be no viable claim for unjust enrichment when there is an enforceable contract between the parties. If the Court determines that there was a binding and enforceable contract between Defendant and a Receivership Entity, the Receiver's claim for unjust enrichment is barred.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

86. The Plaintiff's fraudulent transfer claims fail as a matter of law because the assets transferred were not the assets of the Debtor.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

87. The Plaintiff's fraudulent transfer claims fail as a matter of law because neither the Receiver nor the Receivership Entities is a "creditor" for purposes of asserting such a claim. *See, e.g., Eberhard v. Marcu,* 530 F.3d 122, 129-134 (2d Cir. 2008) (holding that SEC Receiver had no standing to pursue fraudulent transfer claims since he was not a "creditor" of transferor so as to have been injured by the transfer).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

88. The Plaintiff's cause of action for Unjust Enrichment fails as against Answering Defendants because they gave adequate consideration for the benefit conferred. It is axiomatic that when adequate consideration has been provided in exchange for the benefit conferred, a claim of unjust enrichment fails. Similarly, fraudulent transfer claims fail when there has been an exchange of "reasonably equivalent value" and Answering Defendants submit that they were good faith transferees who paid fair consideration and "reasonably equivalent value" for any alleged transfer, or they were the legal equivalent thereof.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

89.     Plaintiff's claims against Answering Defendants are barred by the doctrine of laches.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

90.     Plaintiff's claims against Answering Defendants are barred by documentary evidence.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

91.     Plaintiff's claims against Answering Defendants are barred by the Statute of Frauds.

### THIRTIETH AFFIRMATIVE DEFENSE

92.     Plaintiff's claims against Answering Defendants are barred because of Plaintiff's failure to minimize or mitigate damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

93.     Plaintiff's claims against Answering Defendants are barred because any distributions received by Answering Defendants did not exceed their initial investment.

WHEREFORE, Defendants, Matthew Canno and the Matthew Canno Trust, pray that the Amended Complaint be dismissed against them in its entirety, that they be awarded costs and disbursements of this action, including reasonable attorneys' fees, together with any other relief the court deems just and equitable.

## JURY DEMAND

Defendants demand a jury trial with respect to all claims to which they are entitled.

Dated: Garden City, New York
August 31, 2010

JASPAN SCHLESINGER LLP

By: s/Seth A. Presser
Lisa M. Golden, Esq.
Seth A. Presser, Esq.
Attorneys for Defendants, Matthew Canno
and the Matthew Canno Trust
300 Garden City Plaza
Garden City, New York 11530
Tele:   (516)-746-8000
Fax:    (516)-393-8282

Christopher P. Coval, Esq. (*pro hac vice*)
809 North Easton Road
P.O. Box M
Willow Grove, PA 19090
Tele:   215-659-2600

To:   Richard William Gonnello, Esq.
Entwistle & Cappucci LLP
280 Park Avenue
26th Floor West
New York, New York 10017